ROESKE and others, Plaintiffs and Respondents, v. DIEFENBACH and others, Defendants and Respondents: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Third-Party Plaintiff and Appellant: BAUER BUICK COMPANY, Third-Party Defendant and Respondent. [Case No. 698.]

RABBE, Plaintiff and Respondent, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant: DIEFENBACH and others, Defendants and Respondents. [Case No. 699.]

Nos. 698, 699. Submitted February 5, 1975.—
Decided March 17, 1975.
(Also reported in 226 N. W. 2d 666.)

314

For the defendant and third-party plaintiff and appellant: *Kasdorf, Henderson, Dall, Lewis & Swietlik* of Milwaukee.

For the defendants-respondents and for the third-party defendant-respondent: *Kluwin, Dunphy, Hankin & McNulty* of Milwaukee.

For the plaintiffs-respondents: *Teper, Fiorenza, Weiss & Teper, S. C.* of Milwaukee.

WILKIE, C. J.   The plaintiffs-respondents have moved to dismiss all the appeals in this case. Two notices of appeal were served and filed on behalf of defendant-appellant State Farm Mutual Automobile Insurance Company, and one notice of appeal was served and filed on behalf of defendant-appellant Aetna Insurance Company. Two actions were commenced to recover damages for personal injuries suffered by the plaintiffs as the result of an automobile accident. The actions were consolidated for purposes of trial. Both State Farm and Aetna raised affirmative defenses of no coverage. The coverage issues were tried separately to a jury, which returned a verdict determining that there was coverage by both insurers. On October 31, 1974, an interlocutory judgment was entered on the verdict at the instance of State Farm, so that an appeal could be taken.

State Farm served a notice of entry of the judgment on the attorney for the plaintiffs, who thereupon obtained an order to show cause why the judgment should not be vacated. A hearing was held, at which the trial judge stated that he doubted whether the document was an interlocutory judgment under *Glens Falls Ins. Co. v. Concrete Research*,[1] holding that a decree striking affirma-

---

[1] (1973), 57 Wis. 2d 744, 205 N. W. 2d 165.

tive defenses of accord and satisfaction, waiver or estoppel was not an interlocutory judgment and not appealable because it was only an order striking portions of a pleading.

At the hearing, the court orally granted the plaintiffs' motion to vacate the interlocutory judgment. The order was reduced to writing and was entered on December 2, 1974, fourteen days after State Farm's notice of appeal from the interlocutory judgment was filed and five days after Aetna had also served and filed a notice of appeal from the interlocutory judgment. State Farm served and filed a notice of appeal from the order vacating the interlocutory judgment on December 3d.

The issues on this motion are whether the order vacating the decree is appealable; whether the decree is an interlocutory judgment or merely a nonappealable order; and whether, if the decree is an interlocutory judgment, the order vacating it is effective and moots the appeals from the judgment by leaving nothing to be considered on appeal.

### Is the order vacating the decree appealable?

An order opening or vacating a judgment is not appealable because it is not a final order. It does not prevent a judgment from which an appeal might be taken.[2] Therefore, the appeal of State Farm from the order vacating the interlocutory judgment must be dismissed.

### Is the decree of October 31, 1974, an interlocutory judgment?

In *Cooper v. Commercial Casualty Ins. Co.*[3] it was held that an adjudication determining the separate defense of

[2] *Buckley v. Park Building Corp.* (1965), 27 Wis. 2d 425, 134 N. W. 2d 666.

[3] (1932), 209 Wis. 314, 245 N. W. 154.

no coverage in an automobile accident case was an interlocutory judgment and appealable. In that case the insurer raised separate defenses of no coverage and a no-action clause in the policy. This court held that the allegations as to the no-action clause constituted merely a plea in abatement and a determination as to that defense would be an order overruling such a plea and not appealable. However, this court also held that a separate defense of no coverage constituted a plea in bar, and an adjudication disposing of the merits of that defense was appealable, notwithstanding the issue of negligence of the insured remained to be tried before the liability of the insurer to the plaintiff could be determined. To qualify as an interlocutory judgment under sec. 270.54, Stats., a decree must finally determine some duty or liability.[4] The duty determined by an interlocutory judgment on a policy defense is the duty to defend the action on behalf of the insured. The *Glens Falls Case* is distinguishable because it does not involve a question of policy defenses. No duty or liability was determined by the "interlocutory judgment" in that case striking the affirmative defenses of accord and satisfaction and waiver or estoppel. Because no duty or liability was determined by the decree, it was not appealable. In this case a duty has been determined, and the decree is appealable.

*Are the appeals from the interlocutory judgment moot?*

In *Schueler v. Madison* [5] the plaintiffs appealed from a judgment dismissing the action. After the appeal was perfected, they made a motion in the trial court to set aside the judgment. The motion was denied for lack of jurisdiction. This court, in affirming the order, held that

[4] *Northland Greyhound Lines v. Blinco* (1956), 272 Wis. 29, 74 N. W. 2d 796.

[5] (1971), 49 Wis. 2d 695, 183 N. W. 2d 116.

the trial court had no power to act on the subject matter of the appeal once it was perfected, because a duly perfected appeal transfers all jurisdiction of the subject matter to the appellate court, where it remains until the appellate proceeding terminates and the trial court regains jurisdiction. It follows that until the appeal is "duly perfected" the trial court is not divested of power to act on the subject matter of the appeal.

An appeal is perfected by serving an undertaking for costs. Sec. 274.11 (2), Stats. A copy of the undertaking is to be served together with a copy of the notice of appeal. Sec. 274.28. Notice of appeal must be served on each party adverse to the appellant on the appeal who appeared in the action or proceeding and, in an appeal from a judgment, upon all parties bound thereby who appeared. Sec. 274.11 (1). The insureds of each insurance company are parties who have appeared in these actions. In each case they are represented by the same counsel who represents their insurers. The insureds are adverse to their insurers on these appeals, because the judgment determines the duty of each insurer to defend the action on behalf of its insured. The record in this case does not disclose that any notice of appeal or undertaking for costs was served upon the insureds. Service upon the attorneys who represented both insurer and insured, even if made, would not be sufficient service because of the conflict of interest between their clients.

No notice of appeal or undertaking for costs having been served upon the insureds, the appeals in this case were not duly perfected and the trial court was not divested of power to vacate the interlocutory judgment. Since the judgment has been vacated, there is nothing left for this court to act on, and the appeals from it must also be dismissed.

*By the Court.*—Appeals dismissed.