# IN RE the MARRIAGE OF: Debra Sue Kilian BERTRAM, Petitioner-Appellant,

v.

## Randall J. KILIAN, Respondent.

Court of Appeals

*No. 85-0701. Submitted on briefs July 8, 1986.—Decided August 26, 1986.*

(Also reported in 394 N.W.2d 773.)

For the petitioner-appellant, the cause was submitted on the briefs of *Carolyn L. Smith*, of Dodgeville.

For the respondent, the cause was submitted on the brief of *John A. Baxter* of *Karrmann, Buggs & Baxter*, of Platteville.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J.   Debra Bertram appeals from a divorce judgment assigning custody of their children to Randall Kilian and directing him to pay only part of her disbursements. The issues are (1) whether the trial court erred by refusing to receive evidence of Randall's violence toward Debra; (2) whether the court applied the law equally to the parties; and (3) whether the court properly enforced an oral stipulation on attorney fees entered during a deposition. We conclude that the court abused its discretion by not receiving the evidence on violence and that the stipulation is unenforceable. We therefore reverse, without reaching the issue of equal application of the law.

Both parties seek custody. Their two children were three and four years old respectively when the case was tried. At the trial the court excluded evidence regarding Randall's violent character and his abuse of Debra. The

court held that such evidence was irrelevant to the child custody issue without a showing that Randall's character and the abuse had affected the mental or physical health of the children, a showing which was not made. The court nevertheless admitted evidence on the violent character of Debra's live-in boyfriend and of his abusive behavior toward her.

■

Evidentiary rulings, including those on relevance, are left to the discretion of the trial court and are reviewable only for abuse of discretion. *Keithley v. Keithley*, 95 Wis.2d 136, 140, 289 N.W.2d 368, 371 (Ct. App. 1980). If the court fails to follow a statutory direction to consider specified factors, discretion is abused. *Hartung v. Hartung*, 102 Wis.2d 58, 66, 306 N.W.2d 16, 20–21 (1981).

The pertinent statute, sec. 767.24, Stats., provides in part:

> (2) In making a custody determination, the court shall consider all facts in the best interest of the child . . . . The court shall consider the following factors in making its determination:
>
> . . . .
>
> (b) The interaction and interrelationship of the child with his or her parent or parents, siblings, and any other person who may significantly affect the child's best interest;
>
> . . . .
>
> (d) The mental and physical health of the parties, the minor children and other persons living in a proposed custodial household; . . . .

■

In our view, sec. 767.24(2)(b) and (d), Stats., requires the trial court to consider evidence tending to

show that a spouse seeking custody has a violent character or has abused the other, whether or not it has been shown that their children have been affected. Parental violence and abuse affect "the interaction and interrelationship of the child" with the parent and may affect the mental and physical health of the children. The violent and abusive spouse may have the same potential as a parent. Weighing the risk of actual future violence or abuse may be difficult but it is necessary to the custody determination. Because the trial court failed to consider evidence bearing on sec. 767.24(2)(b) and (d), it abused its discretion.

We turn to the enforceability of the stipulation. Section 807.05, Stats., provides:

> No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court and entered in the minutes or recorded by the reporter or made in writing and subscribed by the party to be bound thereby or the party's attorney.

Whether the stipulation is enforceable involves the application of the statute to the undisputed facts. The issue is a question of law. We independently determine an issue of law. *First Nat. Leasing Corp. v. Madison*, 81 Wis.2d 205, 208, 260 N.W.2d 251, 253 (1977). The reporter recorded the stipulation on the record during a deposition in a law office, not in court. The stipulation was not reduced to a writing subscribed by Debra, the party to be bound, or by her attorney. Because the requirements of sec. 807.05, Stats., were not met, the stipulation is unenforceable.

Having concluded that the trial court erred when it excluded evidence of Randall's violent and abusive behavior toward Debra and when it bound Debra to the stipulation, we need not decide whether the court applied the law equally to the parties.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion. Appellant to have costs.