SILVERTON ENTERPRISES, INC. d/b/a AAMCO
Transmissions, Notrevlis Enterprises, Inc.
d/b/a AAMCO Transmissions and Duane H.
Bredeson, Plaintiffs-Appellants Cross-
Respondents,

v.

GENERAL CASUALTY COMPANY OF
WISCONSIN, Defendant-Respondent Cross-
Appellant.

Court of Appeals

*No. 86–2117. Submitted on briefs February 18, 1988.—Decided
February 25, 1988.*

(Also reported in 422 N.W.2d 154.)

For the plaintiffs-appellants cross-respondents the cause was submitted on the briefs of *Frank J. Bucaida* and *Steven J. Schooler* and *Brynelson, Herrick, Bucaida, Dorschel & Armstrong,* of Madison.

For the defendant-respondent cross-appellant the cause was submitted on the briefs of *Rick J. Mundt* and *Sauthoff, Alexander & Mundt,* of Madison.

Before Gartzke, P.J., Eich and Sundby, JJ.

GARTZKE, P.J. Plaintiffs, Silverton Enterprises, Inc., Notrevlis Enterprises, Inc., and Duane Bredeson, president of those companies, seek a declaratory judgment that General Casualty has a duty under two liability policies to defend and indemnify plaintiffs in a pending prosecution by the State of Wisconsin. Silverton and Notrevlis repair automobile transmissions, doing business as "AAMCO Transmissions." The prosecution is a civil action arising out of plaintiffs' allegedly unlawful practices when repairing automobiles. The trial court held that by virtue of "care, custody or control" exclusions in the policies, General Casualty has no duty to defend or indemnify. It entered judgment on June 30, 1986 dismissing the complaint.

When plaintiffs moved for reconsideration, the trial court vacated its judgment. On October 30, 1986, the court entered an order denying the motion for reconsideration and reinstating the earlier judgment. Plaintiffs appeal from the October 30, 1986 order and reinstated judgment.

The issues are whether: (1) plaintiffs may appeal from a reinstated judgment which the trial court had

vacated pending reconsideration later denied; (2) the "care, custody or control" exclusion in its policies relieves General Casualty from the duty to defend; (3) a duty to defend nevertheless exists under a reservation of coverage for workmanship in another exclusion; and (4) General Casualty is estopped from relying on the care, custody or control exclusion. We hold that the reinstated judgment may be appealed, that the care, custody or control exclusion applies, that coverage does not exist under the reservation, and that General Casualty is not estopped from raising the care, custody or control exclusion. We therefore affirm the judgment dismissing the complaint.

In its cross appeal, General Casualty contends that the trial court erred by awarding to plaintiffs the attorney's fees they incurred before General Casualty raised the exclusionary defense. We agree and reverse the judgment in that regard.

A. *Appealability*

No right of appeal exists from an order denying a motion to reconsider which presents the same issues as those determined in the order or judgment sought to be reconsidered. *Marsh v. Milwaukee,* 104 Wis. 2d 44, 46, 310 N.W.2d 615, 616 (1981); *Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 26, 197 N.W.2d 752, 754–55 (1972). An order denying reconsideration is not appealable since it does not prevent an appeal from the original order or judgment. The *Marsh* and *Ver Hagen* courts were concerned that a motion for reconsideration should not be used as a ploy to extend the time to appeal from an order or judgment when the time to appeal had expired. *Marsh,* 104 Wis. 2d at 47–48, 310 N.W.2d at 616–17 (quoting *Ver Hagen,* 55 Wis. 2d at 25–26, 197 N.W.2d at 754–55). We noted in *Harris v. Reivitz,* 142 Wis. 2d 82, 88–89, 417 N.W.2d 50, 52–53

(Ct. App. 1987), that the "new issues" test announced in *Ver Hagen* liberalizes the nonappealability rule and allows an appeal where none had previously been allowed.

■
The original judgment dismissing the complaint was granted on the ground that coverage was excluded under the care, custody or control exclusion. Plaintiffs raised a new issue, the estoppel question, in their motion for reconsideration.[1] On appeal plaintiffs seek review of the trial court's ruling not only on the new issue but also on the ruling on the care, custody or control exclusion.[2] However, we need not decide whether the old as well as the new issue can be considered on appeal if the *Marsh/Ver Hagen* rule is inapplicable. We conclude that the *Marsh/Ver Hagen* rule does not apply when, as here, the judgment was timely vacated.

■
The original judgment was entered on June 30, 1986, and notice of entry was served on July 1, 1986. The time to initiate an appeal expired on August 14, 45 days after June 30. Sec. 808.04(1), sec. (Rule)

---

[1]This is a liberal application of the new issue rule. According to the trial court's first decision, plaintiffs urged the court not to consider the exclusion because the company did not raise it before submitting its reply brief. When ruling on the motion for reconsideration, the court said that for the first time plaintiffs cited *Redeman v. Preferred Accident Ins. Co.,* 215 Wis. 321, 254 N.W. 515 (1934), as Wisconsin support for its position. The court said it vacated the judgment solely for the purpose of considering *Redeman* and its impact on the court's prior decision.

[2]The trial court's decision on which the original judgment was based did not discuss the workmanship reservation issue. We cannot determine whether it was raised for the first time on appeal.

809.10(1)(a), Stats. Plaintiffs filed their motion for reconsideration on July 7 and the motion to vacate on July 23. The trial court vacated the judgment on August 7, 1986, well within the 45-day period in which an appeal could be initiated.

By vacating the prior judgment, the trial court deprived the judgment of finality and rendered it nonappealable as of right.[3] *Austin v. Ford Motor Co.,* 73 Wis. 2d 96, 102, 242 N.W.2d 251, 254 (1976), *Roeske v. Diefenbach,* 67 Wis. 2d 313, 316, 226 N.W.2d 666, 667 (1975). The vacation was timely. Both concerns in *Marsh* and *Ver Hagen* were satisfied. An appeal from the original judgment could not be taken. The motion for reconsideration was not a means to extend the time to appeal from the judgment.[4]

We conclude that the *Marsh/Ver Hagen* rule is inapplicable. We may review not only the trial court's ruling on the new issue raised on reconsideration but also the old issue. We turn to the merits of this appeal.

B. *Care, Custody or Control Exclusion*

Silverton and Notrevlis are the named insureds on two General Casualty policies. The Special Multi-Peril Policy, covering Garage Liability, provides in relevant part:

> The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of
>
> ....

---

[3]The trial court vacated the judgment under sec. 806.07(1)(h), Stats. The propriety of that method to vacate the judgment is not before us.

[4]It is worth noting that we do not face the issue whether only the filing of a motion to vacate the original order or judgment within the time for initiating an appeal is enough to avoid application of the *Marsh/Ver Hagen* rule.

H. *property damage* to which this insurance applies, caused by an *occurrence* and arising out of *garage operations* ....

The Special Multi-Peril Policy contains the following pertinent exclusions:

This insurance does not apply, under the Garage Liability coverages:

(a) to liability assumed by the *insured* under any contract or agreement except an *incidental contract;* but this exclusion does not apply to a warranty of fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner; ....

(g) To *property damage* to

...

(2) property in the care, custody or control of or being transported by the *insured* or property as to which the *insured* is for any purpose exercising physical control; ....

The Commercial Umbrella Liability Policy provides in relevant part:

I. *Coverage:* The company hereby agrees ... to indemnify the Insured for all sums which the insured shall be obligated to pay by reason of the liability

(a) imposed upon the Insured by law ... for ultimate net loss on account of: ...

(b) property damage ....

The care, custody or control clause provides:

It is agreed this policy shall not apply to injury or destruction of personal property of others in the care, custody, or control of the insured, or such

668

property as to which the insured for any purpose is exercising physical control.

■

Both sides moved for summary judgment. Neither contests the other's factual assertions. The practical effect is that the facts are stipulated and only issues of law are before us. *Powalka v. State Mut. Life Assurance Co.,* 53 Wis. 2d 513, 518, 192 N.W.2d 852, 854 (1972). We decide issues of law without deference to the decision of the trial court. *In re Marriage of Bertram v. Kilian,* 133 Wis. 2d 202, 205, 394 N.W.2d 773, 774 (Ct. App. 1986).

Silverton and Notrevlis rebuild, recondition and repair automobile transmissions and sell parts and supplies in connection with that work. The state's complaint against Silverton, Notrevlis, and Bredeson seeks to restrain, and recover civil forfeitures for, violation of sec. 100.18(1), Stats., and pertinent parts of Wis. Adm. Code ch. Ag 132, entitled Motor Vehicle Repair, and to obtain restoration of customers' pecuniary losses.

The state's first claim alleges that "defendants have used various tactics to collect money from customers for unnecessary repairs and for repairs which have not been made." The claim states that defendants' "deceptive and unfair practices" include: misrepresenting to customers that major repairs are required; misrepresenting to customers after dismantling their transmission, that worn parts are from the transmission of the customers' vehicle and that the parts must be replaced; misrepresenting to customers that worn parts have resulted from the customers' malfunctioning transmission; and misrepresenting to

customers that repairs have been made, when, in fact, repairs have not been performed.

The state's second claim is that the defendants, by reason of those activities, have violated Wis. Adm. Code, secs. Ag 132.07(1)(c) and (d), 132.07(2)(b) and (c) and 132.07(5). Those provisions prohibit a repair shop from misrepresenting that repairs are necessary or have been made, collecting for such repairs, and altering a customer's motor vehicle with intent to create a condition requiring repairs.

The trial court held that the state's claims are based on "property damage" under both policies. Neither party argues otherwise.

The court also held that coverage is barred under the care, custody or control exclusions. The plaintiffs argue that damage caused to vehicles left in their shops for repair is not within that exclusion. They contend (1) that the exclusion is ambiguous and should be construed against General Casualty; (2) that General Casualty has specifically agreed to ensure plaintiffs' workmanship; and (3) that to construe the care, custody or control exclusion to exclude coverage on vehicles left on the premises for repair would virtually negate the garage operations coverage for which plaintiffs paid a premium.

██

A care, custody or control exclusion is ambiguous. *Meiser v. Aetna Casualty & Surety Co.,* 8 Wis. 2d 233, 238, 98 N.W.2d 919, 922 (1959). For that reason, the exclusion is construed against the insurer. *Patrick v. Head of Lakes Cooperative Elec. Ass'n,* 98 Wis. 2d 66, 69, 295 N.W.2d 205, 207 (Ct. App. 1980).

According to the *Meiser* court, however, if the property damaged is under the supervision of the insured and that supervision is a necessary element of

the work involved, the property is in the care, custody or control of the insured. *Meiser,* 8 Wis. 2d at 236, 98 N.W.2d at 921. The exclusion "is meant to apply to the essential work being done by the insured." *Id.* at 240, 98 N.W.2d at 923.

Because the automobiles were left with plaintiffs for repair, the automobiles were under the plaintiffs' supervision. Supervision over an automobile left with plaintiffs for repair is a necessary element of the repair. We conclude that property damage to the automobiles left with plaintiffs for repair is within the care, custody or control exclusion.

*Chemtec Midwest Services, Inc. v. Insurance Co. of No. America,* 279 F. Supp. 539 (W.D. Wis. 1968), on which plaintiffs rely, is not in point. The *Chemtec* court concluded that the care, custody or control exclusion did not apply to Chemtec's operations in which its personnel cleaned boilers at the customer's plant. *Id.* at 547. The boilers were permanently in place at the customer's plant and could not be said to have been under Chemtec's control. Here the vehicles were brought to and left with the plaintiffs at their shop for repair.

C. *Reservation of Coverage for Workmanship*

Plaintiffs assert that coverage exists by virtue of the reservation or exception for workmanship under exclusion (a) of General Casualty's garage liability policy. We disagree.

A reservation exception to an exclusion does not, standing alone, create coverage unless the claim is cognizable under the general grant of coverage. *Bulen v. West Bend Mut. Ins. Co.,* 125 Wis. 2d 259, 265, 371 N.W.2d 392, 395 (Ct. App. 1985). We need not pursue

that question. The state's complaint does not state a claim coming within the reservation or exception to exclusion (a). The reservation or exception applies to warranties of fitness or quality, or warranties that the work performed by the insured will be done in a workmanlike manner. Such warranties run from the garagemen to the customer. Even if this action is, as the trial court held, based on property damage, the state is not alleged to have been plaintiffs' customer. Moreover, the state seeks forfeitures and injunctive relief for statutory and regulatory violations, not breached warranties of fitness, quality or workmanship.

D. *Estoppel*

When General Casualty refused to defend plaintiffs, they requested a clarification. The company responded that because the state's complaint alleged no "occurrence" or "property damage," coverage did not exist. The company repeated those contentions in its initial brief to the trial court and raised the care, custody or control exclusion for the first time in its reply brief. The court rejected the contentions regarding an occurrence and property damage but held that the exclusion applied, notwithstanding plaintiffs' objection that the exclusion was not timely raised.

■ On reconsideration, plaintiffs again argued the timeliness issue. They cited a statement in *Redeman v. Preferred Accident Ins. Co.,* 215 Wis. 321, 328, 254 N.W. 515, 518 (1934), that "where an insurance company, having full knowledge of another defense which it has, asserts a specific defense to a claim under an insurance policy, it will not be permitted thereafter to shift its ground and assert such other

defense after expense of suit has been incurred." The trial court held that *Redeman* did not apply. We agree.

In *Redeman* the company originally asserted that its policy had lapsed on one date. It defended an action by the insured on the ground that the policy had lapsed on a later date. The *Redeman* court seems to have applied an estoppel test to determine whether the company could change its course when the question was whether the policy was in force on a critical date. The question here is not whether a policy was in force but whether it covers a claim.

"The Wisconsin rule is, as stated many times, that the doctrine of estoppel cannot be used to enlarge the coverage of an insurance policy." *International Chiropractors Ins. v. Gonstead,* 71 Wis. 2d 524, 528, 238 N.W.2d 725, 728 (1976) (footnote omitted). To estop an insurer from relying upon an exclusion would create coverage where the policy provided none. This is not possible under the Wisconsin rule.[5]

---

[5]Some courts have held otherwise. *See Aetna Casualty & Surety Company v. Haas,* 422 S.W.2d 316, 321 (Mo. 1968) (insurer having denied coverage on basis of one exclusion could not later contend another exclusion applied); *Kammeyer v. Concordia Telephone Company,* 446 S.W.2d 486, 490–91 (Mo. Ct. App. 1969) (denial of coverage because of one exclusion estopped insurer from asserting additional policy defense); *Palmer v. Sunberg,* 217 N.E.2d 463, 466 (Ill. App. Ct. 1966) (insurer which breached contract by refusing to defend insured estopped from claiming no coverage under an exclusion). *But see State Farm Mut. Auto. v. Hartford Acc. & Ind.,* 646 S.W.2d 379, 381 (Mo. Ct. App. 1983) (insurer having denied coverage under a policy definition, neither waiver nor estoppel prevented it from later relying on exclusion). At least one other jurisdiction has reached a result consistent with our reading of the Wisconsin rule. *See Insurance Co. of North America v. Coffman,* 451 A.2d 952, 957 (Md. Ct. Spec. App. 1982) (after

We conclude that the trial court correctly held that General Casualty was not estopped from raising the care, custody or control exclusion as a defense to this action.

E. *Attorney Fees*

The trial court held that the plaintiffs are entitled to their attorney's fees incurred before the time General Casualty raised the care, custody or control exclusion defense. The court set those fees at $2,866.38 and entered judgment in favor of plaintiffs against General Casualty for that amount. The reasonableness of the fees is uncontested, but General Casualty urges that under the "American rule" attorney's fees are not recoverable.

Under the American rule, attorney's fees incurred in prosecuting or defending an action are not recoverable unless recovery is expressly allowed by contract or statute. *Murray v. Holiday Rambler, Inc.,* 83 Wis. 2d 406, 435, 265 N.W.2d 513, 527 (1978); *Cedarburg L. & W. Comm. v. Glens Falls Ins. Co.,* 42 Wis. 2d 120, 124–25, 166 N.W.2d 165, 167 (1969). Plaintiffs' claim for attorney's fees in this action is not based upon contract or statute.

General Casualty concedes that "obdurate behavior" is an exception to the American rule. Under this exception, attorney's fees may be awarded if the losing party has acted in bad faith or for oppressive reasons. *See e.g., E.F. Hutton and Co., Inc. v. Anderson,* 596 P.2d 413, 416 (Colo. Ct. App. 1979); *United Pickle Co. Inc. v. Omanoff,* 405 N.Y.S.2d 727, 728 (N.Y. App. Div.

denying coverage under policy definition, insurer may later rely on exclusion).

1978). Here, however, the trial court made no finding that General Casualty acted in bad faith or oppressively. Consequently, even if the "obdurate behavior" exception applies in Wisconsin, the facts do not come within the exception.

General Casualty concedes that a second exception exists to the American rule. This is the third party litigation exception, also known as the "collateral litigation" or "wrongful act" exception. It seems to us that this is more a rule of damages than an exception to the American rule. An award of fees may be made by way of damages to a party who, because of the tortious conduct or breach of contract by another, has had to protect his or her interest by bringing or defending an action against or by a third party. *Kohlenberg v. American Plumbing Supply Co.,* 82 Wis. 2d 384, 399, 263 N.W.2d 496, 503 (1978). Here, however, collateral litigation is not involved. No claim is made that General Casualty's conduct caused the litigation between plaintiffs and the state.

We therefore conclude that the trial court erred, as a matter of law, when it awarded attorney's fees to plaintiffs.

*By the Court.*—Judgment reversed insofar as it awards attorney's fees to plaintiffs and otherwise affirmed. No costs to plaintiffs or defendant.