**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 29, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1323-CR**

STATE OF WISCONSIN

Cir. Ct. No. 1995CF955598A

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

LAWRENCE WILLIAMS,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MILTON L. CHILDS, SR., Judge. *Dismissed*.

Before White, C.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Lawrence Williams appeals from an order of the circuit court denying reconsideration of his motion for sentence modification. We

conclude that we lack jurisdiction to review the order. We further conclude that even if we did have jurisdiction, the circuit court properly denied Williams's sentencing modification claim. Accordingly, we dismiss.

## BACKGROUND

¶2 In late 1995, Williams and two co-actors committed a series of armed robberies and attempted armed robberies in Milwaukee. After robbing a Speedy Lube, Williams and his co-actors fled in a vehicle and were pursued by an off-duty police officer. Williams, the driver, pulled into an alley and waited for the officer to follow them, and when he did, one of the co-actors shot the officer in the neck. After Williams was apprehended, the State charged Williams with one count of attempted armed robbery, two counts of attempted armed robbery while concealing identity, seven counts of armed robbery while concealing identity, and one count of attempted first-degree intentional homicide while armed, all as a party to a crime, related to the Speedy Lube and other incidents in which Williams was a suspect. A jury convicted Williams on all eleven counts.

¶3 At sentencing, Williams's attorney argued that Williams did not know that his co-actor planned to shoot the officer. He asserted that Williams did not take part in the shooting, and therefore, he should receive a shorter sentence for that crime. The circuit court believed that Williams and his co-actors collectively planned to confront the officer, describing it as an ambush to avoid getting caught for the armed robberies. The circuit court noted that the officer might have died without prompt medical attention, and although Williams did not pull the trigger, he drove the car and waited for the officer in the alley, as opposed to continuing to drive away from and escape the officer.

2

¶4     The circuit court sentenced Williams to an indeterminate prison term not to exceed 130 years.[1]  The circuit court mentioned parole when discussing restitution, saying that Williams would pay restitution from his prison earnings and any job he has "when he gets released on parole."

¶5     Williams appealed, and we affirmed his conviction.  *State v. Williams*, 220 Wis. 2d 458, 583 N.W.2d 845 (Ct. App. 1998).  He filed a petition for writ of habeas corpus in the Eastern District of Wisconsin, which was denied.  He then appealed to the Seventh Circuit, which also denied the petition.  *Williams v. Bertrand*, No. 03-2699, 105 Fed. App'x 97, 2004 WL 1662267 (7th Cir. July 8, 2004).

¶6     In 2010, 2012, and 2014, Williams filed WIS. STAT. § 974.06 (2021-22) motions, which the circuit court denied.[2]  Williams appealed two of the denials, and both times we concluded that Williams's claims were procedurally barred.  *State v. Williams*, No. 2010AP1028, unpublished slip op. (WI App Mar. 8, 2011); *State v. Williams*, No. 2012AP461, unpublished slip op. (WI App Jan. 29, 2013).  Williams did not appeal the denial of the third motion.

¶7     In 2015, Williams sought sentence modification.  The circuit court denied that motion after concluding that his rehabilitation in prison was not a new factor justifying sentence modification.  Also in 2015, Williams filed a petition for habeas corpus with this court.  We denied the petition *ex parte* and denied

---

[1] Williams was sentenced before the Truth-in-Sentencing Act became effective requiring the imposition of determinate sentences.  *See* 1997 Wis. Act 283; *State ex rel. Thomas v. Schwarz*, 2007 WI 57, ¶10 n.3, 300 Wis. 2d 381, 732 N.W.2d 1.

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

3

Williams's subsequent reconsideration motion. *State ex rel. Williams v. Humphreys*, No. 2015AP1770-W, unpublished slip op. and order (WI App Dec. 9, 2015).

¶8      In 2016, Williams sought to have the circuit court vacate his restitution order. The circuit court granted the motion and amended Williams's judgment of conviction to reflect no restitution owed. In 2019, Williams filed a second sentence modification motion. We summarily affirmed the circuit court's denial of that motion. *State v. Williams*, No. 2019AP1897-CR, unpublished op. and order (WI App Feb. 16, 2021).

¶9      In 2023, Williams filed a third sentence modification motion. He argued that a change in parole policy was a new factor that justified modification. Specifically, he argued that a new parole law made his crimes subject to presumptive mandatory release rather than mandatory release at the two-thirds mark, and that this change was a new and highly relevant factor.

¶10     The circuit court rejected Williams's claim because the presumptive maximum release law was in existence when Williams was sentenced. It also rejected his argument that the change in parole policy in general constituted a new factor. It concluded that the circuit court did not expressly base Williams's sentence on parole eligibility.

¶11     Williams filed a motion for reconsideration. He argued that because other circuit court judges admitted to being unfamiliar with the presumptive maximum release law and because the circuit court did not explicitly indicate that it had knowledge of the law, he met his burden to demonstrate that a new factor justified sentence modification. He argued that the circuit court should have

assumed that the court at sentencing erroneously believed Williams would be paroled before his mandatory release date.

¶12    The circuit court denied the reconsideration motion. It concluded that nothing in Williams's reconsideration motion changed the court's decision. Williams appealed, and we ordered the parties to address whether we had jurisdiction to review the order denying reconsideration.

## DISCUSSION

**I.    We lack jurisdiction to review the circuit court's order denying Williams's motion for reconsideration.**

¶13    Williams argues that we have jurisdiction to review the circuit court's order denying his motion for reconsideration, but the authority he cites does not support his argument. He cites *Mikrut v. State*, 212 Wis. 2d 859, 866, 569 N.W.2d 765 (Ct. App. 1997) for the proposition that we are "instructed to look to the substance rather than the label of a *pro se* pleading in order to determine if the petitioner may be entitled to relief." He also incorrectly cites *State v. Jones*, 147 Wis. 2d 806, 819? 434 N.W.2d 380 (1989) for the proposition that the circuit court was required to examine the evidence of Williams's purported new factor in the light most favorable to him. These cases do not help us answer the jurisdictional question. Instead, we agree with the State that we lack jurisdiction to review the circuit court's order denying Williams's motion for reconsideration.

¶14    "An order denying a motion to reconsider an earlier order is not necessarily appealable." *Harris v. Reivitz*, 142 Wis. 2d 82, 86, 417 N.W.2d 50 (Ct. App. 1987). "No right of appeal exists from an order denying a motion to reconsider which presents the same issues as those determined in the order or

5

judgment sought to be reconsidered." ***Silverton Enters. Inc. v. General Cas. Co.***, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988). The touchstone for determining whether the successive motions have the same issues is "whether or not the issues presented in the postjudgment motion could have been reviewed on appeal from the judgment itself." ***Ver Hagen v. Gibbons***, 55 Wis. 2d 21, 24, 197 N.W.2d 752 (1972). Whether a court has jurisdiction presents an issue of law that we review *de novo*. ***State v. Inglin***, 224 Wis. 2d 764, 778, 592 N.W.2d 666 (Ct. App. 1999).

¶15 Here, Williams filed a sentence modification motion and argued that the presumptive mandatory release law and a change in parole policy were new factors justifying sentence modification, and the circuit court denied that motion. Approximately two weeks later, Williams filed a motion for reconsideration and argued that the circuit court reached the wrong conclusion about whether his claims were new factors. His reconsideration motion raised the same issue as his original motion.

¶16 Williams claims that his reconsideration motion contained a new issue, namely, an argument that the circuit court should have granted his initial motion, but this argument plainly demonstrates that the reconsideration motion does not raise any issue that the original motion did not. Our conclusion has nothing to do with the sophistication of Williams's pleading, but follows from the substance of his original motion when compared to that of his reconsideration motion. The motions raise identical issues, and therefore, we lack jurisdiction to

review the circuit court's denial of Williams's reconsideration motion.[3] *Silverton*, 143 Wis. 2d at 665.

## II.    The circuit court properly denied Williams's sentencing modification claim.

¶17    On the merits, Williams argues that a change in parole policy constitutes a new factor supporting sentence modification. Specifically, he highlights that the circuit court mentioned parole at sentencing when discussing Williams's obligation to pay restitution, and therefore, the court "expressly relie[d]" on Williams's parole eligibility when sentencing Williams. *State v. Franklin*, 148 Wis. 2d 1, 15, 434 N.W.2d 609 (1989). We conclude that even if we assume that we do have jurisdiction to review the circuit court's denial of Williams's reconsideration motion, we agree with the State that Williams's sentencing modification claim was properly denied.

¶18    "[T]he defendant must demonstrate both the existence of a new factor and that the new factor justifies modification of the sentence." *State v. Harbor*, 2011 WI 28, ¶38, 333 Wis. 2d 53, 797 N.W.2d 828. The defendant bears the burden of establishing the existence of a new factor by clear and convincing evidence. *Id.*, ¶36. A new factor is a fact or set of facts highly relevant to the sentence, but not known by the circuit court at the original sentencing, "either because it was not then in existence or because, even though it was then in

---

[3] We observe an additional reason why we lack jurisdiction over Williams's appeal, namely, because he missed his deadline to timely appeal from the original order, and his motion for reconsideration did not extend that deadline. *Silverton Enters., Inc. v. General Cas. Co.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988) (explaining that "[a]n order denying reconsideration is not appealable since it does not prevent an appeal from the original order or judgment" and that motions for reconsideration "should not be used as a ploy to extend the time to appeal from an order or judgment when the time to appeal has expired").

existence, it was unknowingly overlooked by all of the parties." ***Rosado v. State***, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). A change in parole policy can constitute a new factor for purposes of sentence modification only if the circuit court "expressly relies on parole eligibility" when sentencing a defendant. ***Franklin***, 148 Wis. 2d at 15.

¶19 Whether a new factor exists presents a question of law that we review *de novo*. ***State v. Scaccio***, 2000 WI App 265, ¶13, 240 Wis. 2d 95, 622 N.W.2d 449. Even if proven, the circuit court maintains discretion to decide whether the new factor justifies sentence modification. ***Harbor***, 333 Wis. 2d 53, ¶37. We review that decision for an erroneous exercise of discretion. ***Id.***, ¶33.

¶20 Williams argues that because the circuit court said that he would pay restitution when he was paroled, the court relied on his parole eligibility when sentencing him. We disagree with Williams, and instead, we agree with the State and the circuit court that Williams is not entitled to relief because the circuit court did not expressly rely on parole eligibility when it sentenced Williams. At best, the court assumed that Williams would be paroled, but it did not expressly state that it expected Williams to be paroled at any specific point during his sentence, nor did it discuss Williams's release before the mandatory release date.

¶21 Williams asserts that because some other judges were confused about the impact of presumptive mandatory release on defendants that they had sentenced, the circuit court that sentenced Williams must have likewise been confused. But these cases are not relevant here. The circuit court is presumed to know the law and to have entered a lawful sentence. *See* ***Scaccio***, 240 Wis. 2d 95, ¶17. There is no indication that the court did not understand the law surrounding

parole at the time it imposed Williams's sentence, nor is there any indication that parole played any role in the court's sentencing decision.

## CONCLUSION

¶22     In sum, we conclude that we lack jurisdiction to review the circuit court's denial of Williams's motion for reconsideration because it raises issues identical to his original motion for sentence modification.  We further conclude that even if we did have jurisdiction, the circuit court properly denied Williams's sentencing modification claim because Williams failed to meet his burden to prove a new factor justified sentence modification.

*By the Court.*—Appeal dismissed.

This opinion will not be published.     *See* WIS. STAT. RULE 809.23(1)(b)5.