**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 24, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP485-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CF22

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

CALEB W. DERCKS,

    DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Green Lake County: MARK T. SLATE, Judge. *Affirmed.*

Before Neubauer, P.J., Gundrum, and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Caleb W. Dercks, pro se, appeals from a January 26, 2024 order denying a motion for reconsideration of a previous order involving sentence credit. He also appeals from a February 23, 2024 order denying a postconviction motion. On appeal, Dercks argues his trial counsel was ineffective, he is entitled to plea withdrawal, the circuit court was biased, Dercks's sentences should be concurrent to his other sentences, and Dercks should receive sentence credit. Because Dercks's claims are either jurisdictionally barred, procedurally barred, insufficiently pled, or without merit, we affirm the circuit court's orders.

## BACKGROUND

¶2 On August 29, 2022, Dercks was convicted, following his no contest pleas, to burglary and criminal trespass, both as a repeater. The circuit court sentenced him to four years of initial confinement and four years of extended supervision on the burglary charge, and one year of initial confinement and one year of extended supervision on the criminal trespass charge. The court ordered the sentences "to run concurrent to each other, but consecutive to any other sentences [Dercks was] currently serving." The court explained it ordered consecutive sentences because concurrent sentences would "diminish[] the penalty that is being served. Since you're already currently serving a sentence that will be consecutive to that sentence." Because Dercks's counsel had not yet determined sentence credit, the court set credit at zero, but it agreed to grant credit if counsel provided the information.

¶3 After he was sentenced, Dercks filed a pro se motion in the circuit court related to sentence credit. The court initially gave Dercks some, but not all, of his requested sentence credit. Dercks then filed a motion for sentence

modification, seeking additional sentence credit. In response, the court again gave Dercks some, but not all, of his requested sentence credit. Dercks then moved for a hearing on his sentence modification motion, and the court granted his request.

¶4 At the hearing, Dercks first moved to have the circuit court recuse itself based on his claim of judicial bias. He then argued he was entitled to additional sentence credit. The court determined it did not have a conflict of interest and Dercks was not entitled to additional sentence credit. On November 13, 2023, the court entered a written order denying Dercks's motion.

¶5 On November 28, 2023, the Department of Corrections ("DOC") wrote to the circuit court and informed it that the court appeared to have awarded duplicate sentence credit. The DOC advised that Dercks had already received the credit awarded by the court on his revocation sentences, and the court had ordered the sentence in this case to be served consecutively to any other sentence. On December 1, 2023, the court amended the judgment of conviction and reduced Dercks's sentence credit to zero.

¶6 Dercks appealed the circuit court's November 13, 2023 order. He did not appeal the December 1, 2023 amended judgment of conviction. On January 2, 2024, we dismissed Dercks's appeal after he failed to pay the filing fee.

¶7 On January 23, 2024, Dercks filed in the circuit court a motion for "[r]econsideration of the … [m]odification of [s]entence [m]otion that was [d]ismissed [on] November 13, 2023." Within that motion, he requested that the court recuse itself, modify his sentence to a concurrent sentence, determine trial counsel was ineffective, and give Dercks sentence credit. On January 26, the court entered a written order denying his motion without a hearing.

¶8      On February 20, 2024, Dercks filed another motion in the circuit court.  In this motion, he requested the same relief as in his reconsideration motion and also moved to withdraw his pleas.  On February 23, the court entered a written order denying his motion.

¶9      Dercks then filed a notice of appeal, seeking review of the August 29, 2022 judgment of conviction as well as the November 13, 2023, January 26, 2024, and February 23, 2024 circuit court orders.

¶10     By order dated May 15, 2024, we determined we lacked jurisdiction over an appeal from the August 29, 2022 judgment of conviction[1] and the November 13, 2023 order.[2]   We concluded we had jurisdiction to review the circuit court's February 23, 2024 order because the notice of appeal was timely filed, but we invited the parties to raise any concerns with the February 23 order in their briefs.

¶11     As for the January 26, 2024 order denying Dercks's "motion for reconsideration," we determined the notice of appeal was timely filed.  However, we observed that

> an appeal cannot be taken from an order denying a motion for reconsideration when that motion presents the same issues as those determined in the order sought to be reconsidered.  *See Silverton Enters., Inc. v. Gen. Cas. Co.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988). The concern is that a motion for reconsideration could be improperly used to extend the time to appeal from a

---

[1] We concluded we lacked jurisdiction over a direct appeal from the August 29, 2022 judgment of conviction because a notice of intent to pursue postconviction relief was not timely filed.

[2] We concluded we lacked jurisdiction over the November 13, 2023 order because the notice of appeal was not timely filed.

4

judgment or order when that time has expired. *Id.*; *see also* ***Ver Hagen v. Gibbons***, 55 Wis. 2d 21, 197 N.W.2d 752 (1972).

Because we could not determine from the record whether the order denying the motion for reconsideration presented issues that could have been raised in an appeal from the November 13, 2023 order, we directed the parties to address this threshold jurisdictional issue as the "first issue in their appellate briefs."

## DISCUSSION

### I.     January 26, 2024 order

¶12     Consistent with our May 15, 2024 order, we begin by determining our jurisdiction over the January 26, 2024 order.  In his brief, Dercks argues that within his "motion for reconsideration," he brought three different claims that were not part of a previous postconviction motion, and thus not subject to reconsideration.  He argues we have jurisdiction to review his claims for judicial bias, for his sentence to be modified to a concurrent sentence, and for ineffective assistance of counsel.

¶13     We agree with Dercks that we have jurisdiction to review the circuit court's January 26, 2024 order as it relates to Dercks's claims that his sentence be modified to a concurrent sentence and that he received ineffective assistance of counsel.  These claims were not included in Dercks's original postconviction motion, and therefore not incorporated in the November 13, 2023 order denying his motion.

¶14     However, we do not have jurisdiction to review the circuit court's January 26, 2024 order as it relates Dercks's claims involving judicial bias or sentence credit.  Starting with his judicial bias claim, although Dercks did not raise

5

his judicial bias claim in writing, he asserted it at the October 23, 2023 hearing when he alleged that the court had "a substantial conflict of interest" and should "resign" from deciding his motion. The court determined that it had no conflict and denied the claim. The court then denied Dercks's motion for additional sentence credit, entered a written order, and Dercks appealed. *See* WIS. STAT. RULE 809.10(4) (2023-24)[3] ("An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon.").

¶15    Dercks could have raised his judicial bias claim in his prior appeal, but we dismissed it after Dercks failed to pay the filing fee. Instead, on January 23, 2024, Dercks moved for reconsideration, again asserting in part that the circuit court had a conflict of interest and should recuse itself. Because Dercks's reconsideration motion did not raise a new issue, we lack jurisdiction to decide his claim related to judicial bias. *See Silverton*, 143 Wis. 2d at 665.

¶16    As to his claim for sentence credit, although Dercks appealed the November 13, 2023 order, he did not appeal the December 1, 2023 amended judgment. Regardless, we could have decided Dercks's sentence credit claim had he pursued it in his appeal of the November 13 order. Instead, he failed to pay the filing fee, and we dismissed the appeal. Further, in the reconsideration motion, Dercks did not make any new claims in support of his request for sentence credit. We therefore lack jurisdiction to consider his appeal of the circuit court's order denying reconsideration of its sentence credit determination. *See id.*

---

[3] All references to the Wisconsin Statutes are to the 2023-24 version.

## II.     February 23, 2024 order

¶17     We next turn to the circuit court's February 23, 2024 order.  In its response brief, the State argues we lack jurisdiction over the February 23 order as it relates to Dercks's claims for sentence credit and judicial bias for the same reason we lack jurisdiction over the January 24 order denying these claims. Dercks did not file a reply brief to respond to the State's arguments, and we deem them conceded.  *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (propositions asserted by a respondent on appeal and not disputed by the appellant in the reply brief are taken as admitted).

¶18     In any event, we conclude Dercks's claims for sentence credit and judicial bias as raised in the February motion are procedurally barred.  These issues were previously litigated, Dercks did not pursue an appeal of the circuit court's denial of these claims, and, consequently, he may not assert them again in this case.  *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue."); *see also State v. Crockett*, 2001 WI App 235, ¶12, 248 Wis. 2d 120, 635 N.W.2d 673 (concluding that the defendant's argument was barred under *Witkowski* because "[the defendant] raised this claim in his initial postconviction motion, but the motion was denied and [the defendant] failed to appeal the issue"). We therefore do not consider Dercks's claims for sentence credit and judicial bias further.

## III.    Remaining claims

¶19    Dercks's remaining claims relate to his motion for sentence modification, ineffective assistance of counsel, and plea withdrawal. We address each in turn.

### A. Sentence modification

¶20    On appeal, Dercks argues his sentences should be modified to run concurrent to his revocation sentences. Citing *State v. Oglesby*, 2006 WI App 95, ¶21, 292 Wis. 2d 716, 715 N.W.2d 727, Dercks asserts a sentence is presumed concurrent unless the record demonstrates otherwise. He argues the sentences in this case should be concurrent to his revocation sentences because the circuit court "did not state whether or not that the consecutive sentencing in the instant case … is to run consecutive to the revocation sentence." He also asserts the court never referenced any revocation sentence at sentencing.

¶21    We disagree. First, the record reflects the circuit court was aware of Dercks's revocation sentences. At sentencing, Dercks's trial counsel advised the court that Dercks "was revoked because of this; sent back to prison. That's where he is now." The court observed that Dercks was "already currently serving a sentence," and it then unequivocally ordered that Dercks's sentences in this case would run "consecutive to any other sentences you are currently serving." The court explained it was ordering his sentences be served "consecutive to any other sentence, as we have separate time and place," and a concurrent sentence would "diminish[] the penalty that is being served." Based on the record, we conclude the circuit court did not err by denying Dercks's motion to modify his sentences to run concurrent to his revocation sentences.

### B. Ineffective assistance of counsel

¶22    Dercks next argues counsel was ineffective.  "A motion claiming ineffective assistance of counsel does not automatically trigger a right to a *Machner*[4] testimonial hearing[.]"  *State v. Phillips*, 2009 WI App 179, ¶17, 322 Wis. 2d 576, 778 N.W.2d 157.  The circuit court has discretion to deny an evidentiary hearing if "the defendant fails to allege sufficient facts in his or her motion, if the defendant presents only conclusory allegations or subjective opinions, or if the record conclusively demonstrates that he or she is not entitled to relief."  *Id.*

¶23    To prevail on a claim of ineffective assistance of counsel, the defendant must prove both that his lawyer's representation was deficient and that he suffered prejudice because of that deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Dercks argues trial counsel was ineffective for failing to move for sentence credit at sentencing.

¶24    However, the record demonstrates that Dercks was not entitled to sentence credit in this case.  The circuit court ordered Dercks to serve his sentences consecutively to any other previously imposed sentence, and Dercks had already received the requested sentence credit on his revocation sentences.  Double counting or "dual credit" for the same time in custody is not available on consecutive sentences.  *See State v. Boettcher*, 144 Wis. 2d 86, 99-100, 423 N.W.2d 533 (1988).  Counsel was not deficient for failing to pursue a sentence credit motion.  *See State v. Berggren*, 2009 WI App 82, ¶21, 320 Wis. 2d 209, 769

---

[4]  *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

N.W.2d 110 (concluding trial counsel's performance is never deficient for failing to bring a motion that the circuit court would have denied).

¶25 Because Dercks did not establish that trial counsel performed deficiently by failing to pursue a sentence credit motion, his motion is insufficiently pled. The circuit court did not err by denying his ineffective assistance of counsel motion without a hearing. *See **Phillips***, 322 Wis. 2d 576, ¶17.

### C. Plea withdrawal

¶26 Finally, Dercks argues that he is entitled to plea withdrawal. A defendant seeking to withdraw a plea after sentencing must establish plea withdrawal is necessary to correct a manifest injustice. ***State v. Savage***, 2020 WI 93, ¶24, 395 Wis. 2d 1, 951 N.W.2d 838. Dercks does not develop an argument as to why plea withdrawal is necessary in this case. He simply offers a single sentence that he is seeking plea withdrawal "because of the prejudicial and critical complexity [of] errors that has repeatedly taken place." We conclude this argument is undeveloped, and we do not consider it further. *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not consider undeveloped arguments).

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.