Morris, Special Administrator, Plaintiff, vs. P. & D. General Contractors, Inc., and others, Defendants.

*December 4, 1940—January 7, 1941.*

For the plaintiff there was a brief by *Walsh & Morris* and *William F. Morris,* all of Bayfield, and oral argument by *William F. Morris* and *Charles F. Morris.*

For the defendant P. & D. General Contractors, Inc., there were briefs by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye.*

ROSENBERRY, C. J.   The first contention of General Contractors is that the court was in error in failing to change the venue of the action when an affidavit of prejudice was filed on November 11, 1939, by General Contractors.   There are two·answers to this contention: First, the affidavit was not timely filed; second, it was not joined in by all the defendants on the same side.

Sec. 261.08 (3), Stats., provides:

"When the judge named in the affidavit is the presiding judge of the circuit, such affidavit must be filed and motion thereon made on or before the first day of the term, at which the case is triable, or within ten days after the case is noticed for trial. . . ."

The term in the city of Rhinelander in Oneida county opened on the 18th day of September, 1939.   The case had been noticed and put on that calendar.   Upon being reached, provision was made for impleading other lien holders and the case continued until the 24th day of October.   There was another continuance and the case was finally set for trial on the 13th day of November, 1939, and all parties given two weeks' notice.   The affidavit of prejudice was made on behalf of General Contractors and filed by direction of counsel not of record.

In *Will of Rice* (1912), 150 Wis. 401, 454, 136 N. W. 956, 137 N. W. 778, referring to a situation somewhat like the one involved in the present case, speaking of change of venue on affidavit of prejudice, the court said:

"On the appeal by defendants composing the firm of Nath. Pereles & Sons, the point is made that the court erred in denying their motion for a change of venue.   They were proper and necessary parties.   In such situation a change of venue is not grantable except upon the application of all upon the same side.   All being necessary parties to the main controversy to which the issues as to separate defendants, including Nath. Pereles & Sons, were incidental, making several judgments probable though parts of one general decree cover-

ing the chief controversy, the action could not be split up and part tried in one place and part in another. It was an inseparable controversy with a major issue and several minor ones germane thereto. In such cases, an application for a change of venue by one of several on the same side, or similarly interested, is not within the statute. [Citing cases.]· All parties who have appeared, and are not merely nominal; but, are, really, interested in the controversy on one side though not necessarily on the same side of the record, constitute one party within the meaning of sec. 2625 [261.08], Stats., and must act in harmony, though the affidavit may be made in their behalf by any one on behalf of the others, the motion being in behalf of all."

Here there were complaints, cross complaints, answers, and replies. Conceding that all lien claimants may within the rule laid down in *Will of Rice, supra,* be on the same side, certainly the defendants, city of Rhinelander and General Contractors, are in some respects on the same side and in other respects not. The cross complaint of General Contractors and the answer of the city of Rhinelander disclose that their interests were to some extent adverse. Under the circumstances of this case even if the affidavit was timely filed, which it was not, General Contractors was not entitled to a change of venue for both reasons. While it is not a ground for denying a change of venue, it appears that the affidavit in this case was filed for purposes of delay. This is a procedure which cannot be approved. Counsel of record very properly refused to file the affidavit of prejudice for purposes of delay.

The second contention of General Contractors is that the court erred in failing to continue the trial of Kaliher's claim. We have examined the record from which it appears that it was a matter wholly within the discretion of the trial court and we find no grounds upon which it can be said that the trial court abused its discretion, especially so as the trial had been twice postponed and the plaintiff had witnesses in attendance who had come from long distances at considerable

expense. General Contractors it appears was trying to dictate the course of the trial for its own convenience.

The next contention is that the court erred in permitting the plaintiff Kaliher to enter judgment against General Contractors. It is the contention of General Contractors that only one judgment may be entered; that all the claims must be tried and judgment entered thereon simultaneously. We think this contention is not well taken. This is an equity case and the procedure is largely within the control of the trial court. Here there were a number of different lien claimants as to each of which there would be separate issues, one having no relation to the other. What the court proceeded to do was to try out these various claims. The judgment in this case adjudicated the amount of plaintiff's claim and it was further provided that the plaintiff have a lien upon the money and funds now or thereafter to become due from the city of Rhinelander but the judgment further provides:

"If the amount so found due the defendant P. & D. General Contractors, Inc., is not sufficient to pay said judgment in full, then that the same be prorated."

This was to occur,

"when the rights of all claimants under section 289.53 of Wisconsin statutes have been finally adjudicated and determined."

This judgment is interlocutory in its nature. At some time in the future the court will determine when payment shall be made. When payment is made all lien claimants will be before the court and if the sum found due and owing General Contractors is insufficient, each will receive his *pro rata* share. We discover no prejudice to General Contractors in so proceeding.

It is next contended that the court erred in entering judgment on the findings. We have examined the findings and it is considered that the findings sustain the judgment.

PLAINTIFF'S APPEAL.

On the 25th day of May, 1940, the court made an order extending the time for settlement of a bill of exceptions for sixty days from the 5th day of June, 1940. Plaintiff alleges that the notice was insufficient and not served in time. On July 13, 1940, the plaintiff, upon an affidavit and notice, moved the court for an order vacating and striking out the order of May 25, 1940. Upon the hearing the court denied the motion to strike and affirmed the order settling the bill of exceptions. From that order the plaintiff appeals. Since the change of rule effective January 1, 1934, sec. 269.45, Stats., orders extending the time within which an act must be done cannot be granted as a matter of grace. *Wendlandt v. Hartford Accident & Indemnity Co.* (1936) 222 Wis. 204, 268 N. W. 230. See comment, *Banking Comm. v. Flanagan* (1940), 233 Wis. 405, 289 N. W. 647. The "cause" as shown by the affidavit is that General Contractors "have requested of the reporter, Walter Evers, copies of the transcript of the evidence taken, that said Walter Evers because of illness has been unable to furnish the same, and will be unable to furnish the same for approximately thirty to sixty days."

The notice of motion was as follows:

"Take notice that the defendant, P. & D. General Contractors, Inc., will on the annexed affidavit apply to the Hon. GEORGE J. LEICHT, circuit judge, and the circuit court above named on the 25th day of May, 1940, at 10 o'clock in the forenoon for an order," etc.

The affidavit upon which the motion is based is attacked on the ground that the matters stated therein were not within the knowledge of the affiant. While the language of the affidavit is not in proper form, still if it had been upon information and belief it would no doubt have been sufficient. It sufficiently appears that the reason that the time for settling the bill of exceptions should be extended is that the defendant has been unable to procure a transcript of the evidence on account of

illness of the reporter. While the affidavit might have been in the usual form and more explicit, we think it was sufficient.

Notice of the hearing of the first motion with the supporting affidavit was served by mail on the 17th day of May, 1940, and was received by plaintiff's counsel on May 20, 1940. The hearing was to be held on May 25, 1940, five days after the receipt of the notice. The service was clearly defective. Sec. 269.36, Stats., provides:

". . . If service be made by mail, the time shall be double the time required or allowed in case of personal service."

If service is made personally, eight days' notice is necessary (sec. 269.31) ; if by mail the statute requires sixteen days' notice.

The plaintiff also contends that the notice of motion was defective in that it designated no place of hearing. Concededly, the notice of motion should designate the place of hearing. It is the contention of General Contractors that the venue of this action being in Oneida county, it is to be implied therefrom that the motion was to be brought on for hearing at the courthouse at the time stated. There are cases so holding. 42 C. J. p. 483, § 53. However, none of them deal with a factual situation such as exists in this case. In this state, every term in each county is a special term for every other county in the same circuit (sec. 252.11, Stats.) unless the court shall otherwise direct. There are four counties in the Sixteenth circuit. The motion might have been made returnable in any one of these counties, depending upon the state of the calendar in each of the counties. In this case the motion to vacate the order of May 25, 1940, was heard before the court at the city of Wausau, in the county of Marathon. Under such circumstances, it is considered that a notice which does not designate the place where the motion will be brought on for a hearing is fatally defective. It does not give the opposite party the information necessary to enable him to ap-

pear and oppose the motion. It is so easy to embody the customary language "at the courthouse in the city of ————, county of ————" that we see no excuse for failing to incorporate that necessary fact in the notice, instead of leaving it to be guessed at. At a special term any business may be done which might be done at the term in the county where the business arose except trial of issues of fact by a jury with certain enumerated exceptions not material here (sec. 252.11). If the business of the circuit court of each county was required to be done within the county, a different result might be reached.

In response to plaintiff's contention, General Contractors urge that the motion of plaintiff to set aside the order of May 25, 1940, was not properly served. In response to that contention it is sufficient to say that General Contractors appeared and resisted the motion. Where there is a general appearance, of course there is a waiver of the defective service.

General Contractors further argue that an order extending the time for settling a bill of exceptions is not an appealable order. Just why this contention should be made in the face of three decisions of this court that an order granting or refusing to grant extension of time for settling bill of exceptions is appealable, we are not able to understand. *Wood v. Blythe* (1877), 42 Wis. 300; *Evans v. St. Paul Fire & Marine Ins. Co.* (1882) 54 Wis. 522, 11 N. W. 594; *Sly v. Kilbourn City* (1910), 144 Wis. 203, 128 N. W. 872. The order being an order made after judgment upon a summary application is clearly appealable by the terms of the statute (sec. 274.33 (2)).

The plaintiff having received no notice of the place where the order was to be brought on for a hearing, the notice not having been served within the time required by statute, the court was in error in denying plaintiff's motion to vacate the order of May 25, 1940. So there may be no misunderstand-

ing it should be said that we do not now review the order of May 25, 1940, but merely ascertain whether it was a valid, effective order. Orders are not reviewed on their merits on a motion to vacate them.

The merits of this controversy are submerged by the unusual number of procedural questions which are involved. Most, if not all, of these might have been avoided by reasonably careful attention to the rules of practice. This court avoids disposing of the rights of parties upon matters of practice if that is reasonably possible. While in a particular case the application of procedural rules may seem to be inconsequential and unnecessary, if procedural rules were not enforced the rights of parties would be still further jeopardized. If General Contractors has not had its day in court it is its own fault and it has no just grounds for complaint.

*By the Court.*—Upon the appeal of General Contractors, the judgment is affirmed. Upon the appeal of the plaintiff from the order denying his motion to vacate the order of May 25, 1940, the order is reversed, and the bill of exceptions is stricken because not settled within the time limited by statute.