VER HAGEN and wife, Appellants, v. GIBBONS, Respondent.

*No. 45.   Argued May 1, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 752.)

For the appellants there were briefs by *Johns, Flaherty, Harman & Gillette* of La Crosse, and oral argument by *Donald J. Harman.*

For the respondent there was a brief by *Steele, Smyth, Klos & Flynn* and *Francis D. Papenfuss*, all of La Crosse, and oral argument by *Mr. Papenfuss.*

HANLEY, J.   Although the appellants discuss the substantive question of the liability of a building contractor under these circumstances, we think that the primary issue is whether the order appealed from is appealable.

Respondent contends that the motion for rehearing was directed to the trial court's order for summary judgment and correctly notes that an order for judgment is not appealable. *Sprangers v. Philippi* (1971), 52 Wis. 2d 403, 405, 190 N. W. 2d 136.   Respondent concludes,

therefore, that an order denying a rehearing on an order for judgment is likewise not appealable. The contention is that appellants should have moved for vacation of the judgment and that an order denying such a motion is appealable under this court's holding in *Sicchio v. Alvey* (1960), 10 Wis. 2d 528, 538, 103 N. W. 2d 544. Appellants respond by requesting this court to ignore the title of their motion and to consider it a motion to vacate the judgment. However, even if the order were to be construed as one denying a motion to vacate the judgment, we think that the order is nonetheless unappealable.

Both parties to this appeal apparently misconstrue the holdings in *Sicchio* and other cases which accepted as appealable orders entered on motions to vacate or modify or for a rehearing on prior appealable orders or judgments. The appealability of such orders depends upon whether or not the issues presented in the postjudgment motion could have been reviewed on an appeal from the judgment itself. *See:* Walther, *Appellate Practice in Wisconsin* (1965), pp. 38–40, sec. 3.05. Thus, the following have been held to be appealable: An order granting an extension of the period of redemption from a judgment of foreclosure; [1] an order extending the time to settle a bill of exceptions; [2] an order denying the motion to offset the judgment; [3] an order refusing to set aside a cognovit judgment, where the moving papers alleged that the attorney who confessed judgment was not admitted to practice in the circuit court and that the complaint was defectively verified; [4] an order vacating

[1] *Brown v. Loewenbach* (1937), 225 Wis. 425, 427, 274 N. W. 434.

[2] *Morris v. P. & D. General Contractors, Inc.* (1941), 236 Wis. 513, 295 N. W. 720.

[3] *Black v. Whitewater Commercial & Savings Bank* (1925), 188 Wis. 24, 27, 205 N. W. 404.

[4] *Purcell v. Kleaver* (1897), 98 Wis. 102, 73 N. W. 322.

a divorce judgment, where it was alleged that the husband had remarried within one year of the grant of divorce;[5] and an order denying a new trial based on newly discovered evidence.[6] It is apparent that each of these orders dealt with issues which could not be reviewed upon an appeal from the final order or judgment.

On the other hand, it has frequently been held that an order entered on a motion to modify or vacate a judgment or order is not appealable where, as here, the only issues raised by the motion were disposed of by the original judgment or order. This principle was stated in *Fred Miller Brewing Co. v. Knebel* (1919), 168 Wis. 587, 588, 589, 171 N. W. 69:

"For more than thirty days after service upon him of notice of the entry of the order of March 6, 1918, no attempt was made by the receiver to give any notice of intention to appeal therefrom. By the order to show cause of April 24th he sought to have reviewed and modified the identical matter disposed of by the court by its order of March 6th, . . . The first order, therefore, being in force and unreversed, concluded and determined the subject matter of the second order. . . .

"Since neither the consent of parties nor action of the court can extend the statutory time for the taking of an appeal . . . such a result cannot be reached by the indirect method of again moving for the same relief that was refused in the prior order. The order of April 30th not being an appealable one and the time for appealing from the order of March 6th having expired, there is no appealable order before us. . . ."

Likewise, in *Hogensen v. Prahl* (1926), 190 Wis. 214, 218, 208 N. W. 867, it was held that an order for rehearing and reargument on a motion to set aside a verdict was not appealable and that the original order setting aside the verdict and ordering a new trial could not be reviewed on an appeal from the subsequent order. The

[5] *White v. White* (1918), 167 Wis. 615, 624, 168 N. W. 704.
[6] *Sicchio v. Alvey, supra,* at page 538.

same rule was stated in *Kellogg-Citizens Nat. Bank v. Francois* (1942), 240 Wis. 432, 435, 436, 3 N. W. 2d 686:

". . . What the appealing defendant seeks to do in this case is to relitigate matters disposed of by previous judgments and orders of the court. This court has held from the earliest day that where no appeal is taken from an order (or judgment) within the time limited, mere error in an order cannot be reached by appealing from an order denying a motion to set it aside. . . ."

There are a number of reasons for holding that an order granting or denying a motion for review of a prior order or judgment is not appealable under sec. 274.33, Stats. Either the order is not final in that it does not prevent a judgment from which an appeal can be taken,[7] or it does not affect a substantial right, inasmuch as the right is affected by the prior appealable order or judgment.[8] Furthermore, as noted in *Erin Prairie v. Wells* (1914), 158 Wis. 140, 141, 142, 147 N. W. 374, 148 N. W. 1095, if an appeal were allowed in such a case, the statute limiting the time for appeal would be wholly nullified.

We are of the opinion, therefore, that although a party may move the trial court to reconsider its orders or judgments under sec. 269.46 (3), Stats., he must present issues other than those determined by the order or judgment for which review is requested in order to appeal from the order entered on the motion for reconsideration. Since appellants' motion presented the same issues which the trial court decided when granting summary judgment, we conclude that the appellants are not entitled to appeal from the order denying their motion for rehearing. Appeal should have been taken from the summary judgment.

*By the Court.*—Appeal dismissed.

[7] *Hale v. Lee's Clothiers & Jewelers, Inc.* (1967), 37 Wis. 2d 269, 274, 275, 155 N. W. 2d 51.

[8] *Planer v. Smith* (1876), 40 Wis. 31, 34.