Dorothy MARSH, Plaintiff-Appellant-Petitioner,

v.

CITY OF MILWAUKEE, a municipal corporation, Building Inspection & Safety Engineering Department, City of Milwaukee, Leonard Sloane, Robert A. Rohde, Roy E. Heise, and State of Wisconsin, Defendants-Respondents.

Supreme Court

*No. 80–1707. Argued September 8, 1981.—Decided October 6, 1981.*

(Also reported in 310 N.W.2d 615.)

For the petitioner there was a brief by *M.L. Eisenberg & Associates* and oral argument by *James Newcomb,* all of Milwaukee.

For the respondents there was a brief by *James B. Brennan,* city attorney, *Jeffrey A. Wagner,* assistant city attorney, and oral argument by *Michael A. Whitcomb,* assistant city attorney.

STEINMETZ, J.   The issue in this case is whether a party must present issues other than those determined by the original final order or judgment in order to appeal from the order entered denying a motion for reconsideration of that final order or judgment. The court of appeals ruled "yes," and we affirm.

The Department of Building Inspection and Safety Engineering of the City of Milwaukee issued an order, dated July 28, 1978, to raze and remove the building of Dorothy Marsh pursuant to sec. 66.05, Stats.

On March 2, 1979, over six months after receiving the order, Dorothy Marsh commenced an action, purportedly pursuant to sec. 66.05(3), Stats., to restrain the city through its departments from razing her building. Briefs were submitted to the trial court, the Honorable John E. McCormick, on the issue of the exclusive remedy and its applicability as provided in sec. 66.05(3).[1]  The circuit

---

[1] Sec. 66.05(3), Stats., provides:

"(3) Anyone affected by any such order shall within the time provided by s. 893.76 apply to the circuit court for an order restraining the inspector of buildings or other designated officer from razing and removing the building or part thereof or forever be barred. Hearing shall be had within 20 days and shall be given precedence over other matters on the court's calendar. The court shall determine whether the order of the inspector of buildings is reasonable, and if found reasonable the court shall dissolve the restraining order, and if found not reasonable the court shall continue the restraining order or modify it as the circumstances require. Costs shall be in the discretion of the court. If the court finds that the order of the inspector of buildings is unreasonable, the inspector of buildings or other designated officer shall issue no other order pursuant to the authority of this section in regard to the same building or part thereof until its condition is substantial-

court rendered and entered a decision and order denying the temporary restraining order and dismissed Dorothy Marsh's action on the merits on April 22, 1980. The judgment docket in the case in the trial court has an entry dated April 22, 1980, showing the filing of this decision and order denying the restraining order and dismissing the complaint on its merits.

On June 27, 1980, Dorothy Marsh moved the circuit court for reconsideration of its decision and order of April 22, 1980. The circuit court denied the motion on August 4, 1980, and ordered the premises vacated by September 15, 1980, to permit the city to execute upon its raze order.

On September 8, 1980, Dorothy Marsh filed another motion for reconsideration of the circuit court's original decision of April 22, 1980. On September 15, 1980, the court denied this second motion for reconsideration. Thereafter, Dorothy Marsh filed an appeal with the court of appeals.

The court of appeals held that a denial of a motion for reconsideration of a final judgment or order was not appealable as a matter of right, since the motion presented issues which were before the trial court when granting the final order. The court of appeals correctly cited *Mack v. Joint School District No. 3*, 92 Wis. 2d 476, 285 N.W.2d 604 (1979) ; *Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 197 N.W.2d 752 (1972). *See also La Crosse Trust Co. v. Bluske*, 99 Wis. 2d 427, 299 N.W.2d 302 (Ct. App. 1980).

The order, dismissing the action and directing the city to proceed to raze the structure was issued and filed by the Honorable John E. McCormick on April 22, 1980. Dorothy Marsh had 30 days to appeal the razing order

ly changed. The remedies provided in this subsection are exclusive remedies and anyone affected by such an order of the inspector shall not be entitled to recover any damages for the razing and removal of any such building."

pursuant to sec. 808.04(2), Stats., which sets the limit.[2] Sec. 66.05(8)(c) provides: "Either the owner or the city or village may appeal to the court of appeals within 30 days from the date of entry of the order of the circuit court."

*Ver Hagen v. Gibbons, supra,* at 25 stated:

"[I]t has frequently been held that an order entered on a motion to modify or vacate a judgment or order is not appealable where, as here, the only issues raised by the motion were disposed of by the original judgment or order. This principle was stated in *Fred Miller Brewing Co. v. Knebel* (1919), 168 Wis. 587, 588, 589, 171 N.W. 69:

" 'For more than thirty days after service upon him of notice of the entry of the order of March 6, 1918, no attempt was made by the receiver to give any notice of intention to appeal therefrom. By the order to show cause of April 24th he sought to have reviewed and modified the identical matter disposed of by the court by its order of March 6th, . . . The first order, therefore, being in force and unreversed, concluded and determined the subject matter of the second order. . . .

" 'Since neither the consent of parties nor action of the court can extend the statutory time for the taking of an appeal . . . such a result cannot be reached by the indirect method of again moving for the same relief that was refused in the prior order. The order of April 30th not being an appealable one and the time for appealing from the order of March 6th having expired, there is no appealable order before us. . . .' "

*Ver Hagen* at 26 stated:

"There are a number of reasons for holding that an order granting or denying a motion for review of a prior order or judgment is not appealable under sec. 274.33, Stats. Either the order is not final in that it

---

[2] Sec. 808.04(2), Stats., provides, in part:

"(2) EXCEPTIONS. (a) Subsection (1) does not apply to an appeal for which a specific time period for initiating an appeal is expressly provided by law. Appeals for which special time periods are provided include: . . . 66.05(8)(c) (razing buildings), . . . ."

does not prevent a judgment from which an appeal can be taken, or it does not affect a substantial right, inasmuch as the right is affected by the prior appealable order or judgment. Furthermore, as noted in *Erin Prairie v. Wells* (1914), 158 Wis. 140, 141, 142, 147 N.W. 374, 148 N.W. 1095, if an appeal were allowed in such a case, the statute limiting the time for appeal would be wholly nullified."

And finally in *Ver Hagen* at 26:

"We are of the opinion, therefore, that although a party may move the trial court to reconsider its orders or judgments under sec. 269.46(3), Stats., he must present issues other than those determined by the order or judgment for which review is requested in order to appeal from the order entered on the motion for reconsideration."

That rule established by this court continues to be the law equally as well under sec. 808.03(1), Stats.[3]

It is a requirement of finality as defined in sec. 808.03 (1), Stats., that the order or judgment dispose of the entire matter in litigation. The order and judgment of April 22, 1980, disposed of the entire matter in litigation between Dorothy Marsh and the City of Milwaukee. The order of August 4 denied an attempt to relitigate the matter which had already been disposed of by the trial court. It did not affect a substantial right within former sec. 274.33, as construed in *Ver Hagen*. It was not a final order within the definition of the new appeal

---

[3] Sec. 808.03(1), Stats., provides:

"(1) APPEALS AS OF RIGHT.  A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2) or a disposition recorded in docket entries in traffic regulation cases and municipal ordinance violation cases prosecuted in circuit court which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

statute, sec. 808.03 (1). Moreover, it was not subject to permissive appeal under sec. 808.03 (2), since such appeal may only be granted in advance of a final judgment or order. Since Dorothy Marsh did not present issues on her motion for reconsideration to the trial court other than those determined by the order and judgment of April 22, 1980, the court of appeals correctly ruled it did not have jurisdiction over the appeal and dismissed it summarily.

*By the Court.*—The decision of the court of appeals is affirmed.