BOB RYAN LEASING, Plaintiff-Respondent,

v.

Gerald SAMPAIR, Defendant-Appellant.

Court of Appeals

*No. 84–1328. Submitted on briefs April 1, 1985.—Decided June 11, 1985.*
(Also reported in 371 N.W.2d 405.)

Coverage A.  bodily injury or
Coverage B.  property damage
*to which this insurance applies*

. . . .

For the appellant there was a brief by *Guy T. Ludvigson* and *Maki and Ludvigson, S.C.*, of Osceola.

For the respondent there was a brief by *Peter V. Taylor* and *Doar, Drill & Skow, S.C.*, of New Richmond.

Before Cane, P.J., Dean and LaRocque, JJ.

LaROCQUE, J.   Gerald Sampair, a garage keeper, appeals a summary judgment granting the return of a leased car to its owner, Bob Ryan Leasing. Bass Lake Cheese Factory leased the car from Bob Ryan Leasing, stored it with Sampair without the knowledge or consent of Bob Ryan Leasing, and failed to pay the storage charges. Because sec. 779.43(3), Stats.,[1] does not impose a garage keeper's lien against an owner where the storage occurs without the owner's consent, we affirm.

We review the circuit court's grant of summary judgment by applying the sec. 802.08, Stats., standards in the same manner as the circuit court. *Troutman v. FMC Corp.*, 115 Wis. 2d 683, 688, 340 N.W.2d 581, 584 (Ct. App. 1983). Summary judgment is appropriate when the

---

[1] Section 779.43(2) and (3), Stats., provides:

(2) Every keeper of an inn, hotel, boarding house or lodging house shall have a lien upon and may retain the possession of all the baggage and other effects brought into the place by any guest, boarder or lodger, whether the baggage and effects are the property of or under the control of the guest, boarder or lodger . . . .

(3) Every keeper of a garage, . . . keeping any . . . automobiles, . . . shall have a lien thereon and may retain the possession thereof for the amount due for the keep, support, storage or repair and care thereof until paid. But no garage keeper shall exercise the lien upon any automobile unless there shall be posted in some conspicuous place in the garage a card, stating the charges for storing automobiles, easily readable at a distance of 15 feet.

pleadings, affidavits, and depositions show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Section 802.08(2), Stats. Because the facts are undisputed, we must only determine whether Bob Ryan Leasing is entitled to judgment as a matter of law.

Sampair argues that sec. 779.43(3) provides a garage keeper's lien on a car even if the car is stored without the owner's knowledge and consent. This literal reading unreasonably results in the owner's liability for storage costs even where a thief steals the car and leaves it on the garage keeper's premises. We may reject a literal reading of a statute if it leads to an unreasonable result. *See Coca-Cola Bottling Co. v. LaFollette,* 106 Wis. 2d 162, 170, 316 N.W.2d 129, 133 (Ct. App. 1982). We therefore reject Sampair's literal application of sec. 779.43(3).

We construe sec. 779.43(3) consistent with the rule that statutes should be construed as far as possible in harmony with the common law. *See State ex rel. Schwenker v. District Court,* 206 Wis. 600, 604, 240 N.W. 406, 408 (1932). Under the common law, Sampair would not have a lien. Bass Lake's storage of the car at Sampair's garage created a bailment between the two. *See* 8 Am. Jur. 2d *Bailments* § 4 (1980). The general common law rule provides that a bailee like Sampair acquires lien rights only if he increases the value of the item bailed or if he is in a public calling where the law requires him to accept the bailed item. *See O'Brien v. Isaacs,* 17 Wis. 2d 261, 265–66, 116 N.W.2d 246, 248 (1962). Under the common law, the owner of the item bailed must consent to the bailment before the bailee acquires lien rights. *See* 8 Am. Jur. 2d *Bailments* § 286 (1980).

The language of sec. 779.43(3) does not explicitly change the common law rule, and we construe the statute

to require the consent of the owner before the bailee acquires lien rights against him. Section 779.43 (2), Stats., governing innkeepers' liens, expressly provides for the lien regardless whether the property belongs to the guest. Subsection (2), therefore, abrogates the common law rule that requires consent. Subsection (3), governing garage keepers' liens, fails to mention the ownership of the property as a factor in the creation of the lien. When the legislature amended the predecessor statute to sec. 779.43 (2) in 1913, it could have also easily amended the predecessor statute to subsection (3) to add language to abrogate the common law rule that requires the consent of the owner before the garage keeper's lien is created. Bob Ryan Leasing was therefore entitled to judgment as a matter of law.

*By the Court.*—Judgment affirmed.