JEFFREY R. KOHLER, District Attorney Washburn County
You inquire whether a county which creates the appointive office of county auditor under section 59.72, Stats., must create or have in place a county civil service commission under sections63.01 to 63.17. As you indicate, the literal language of section59.72(3) could be viewed as requiring the creation of such a commission in every county such as yours, which has not adopted county civil service but contemplates the creation of the office of county auditor. In my opinion, however, such a literal reading of the statute is not appropriate.
Prior to 1978, section 59.72 provided that counties with a population of 300,000 or more were required to have a county auditor appointed pursuant to the civil service provisions otherwise mandatory in those counties having 500,000 inhabitants or more. See secs. 63.01 to 63.17, Stats. (1975)[1] In all other counties the county clerk acted as auditor, unless the county board chose to appoint a county auditor, and in such counties no civil service requirement was attached to the appointment of a county auditor. By virtue of chapter 265, Laws of 1977, the statute was amended to delete reference to the distinction between *Page 92 
counties having more or less than 300,000 population and simply provided that the county clerk shall act as auditor in every county, unless "a separate office of county auditor" is created. However, the statutory reference to sections 63.01 to 63.17 was not removed, and section 59.72(3) was merely modified in this regard as follows: "Such appointment [as county auditor] shall be made [pursuant to]* under ss. 63.01 to 63.17 [of the statutes]* and shall be subject to confirmation by the county board."[2]
*
[EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
Therefore, one purpose of chapter 265, Laws of 1977, was to provide every county the option to choose whether it wants an appointed county auditor to perform the audit function which is otherwise to be performed by the elected county clerk. It is apparent that the Legislature also intended to retain language which previously mandated civil service for county auditors under laws applicable to certain populous counties. However, it is at best ambiguous whether the revised statute was intended to require that all counties appointing a county auditor create a new civil service system for the selection of such officer "under" sections 63.01 to 63.17, where no such system had previously been adopted by a county "pursuant" to those statutes. Where ambiguity in statutory language is present, the intent of the Legislature must be determined from the language of the statute in relation to its scope, history, context, subject matter and the object sought to be accomplished, and one may resort to extrinsic aids to determine intent. State v. Vonesh,135 Wis.2d 477, 482-83, 401 N.W.2d 170 (Ct.App. 1986).
Sections 63.01 to 63.17 provide for the establishment of a comprehensive civil service system mandated for counties containing 500,000 inhabitants or more, under which all offices and positions are included, either in the classified or unclassified service. See sec. 63.03, Stats. All other counties may, but are not *Page 93 
required to, establish a civil service system under either section 59.07(20) or sections 63.01 to 63.17. In my opinion, it is doubtful that the Legislature would mandate the creation of an entire new civil service system applicable to all county personnel in a county which had previously had no civil service at all merely because the county board chose to appoint a county auditor. Moreover, even where a county has previously adopted a civil service system under section 59.07(20), there appears to be no reason why the Legislature would require such county to create a new civil service system under sections 63.01 to 63.17 for the appointment of a county auditor. A literal reading of section59.72 must be rejected when it would lead to such an unreasonable result. See Bob Ryan Leasing v. Sampair, 125 Wis.2d 266, 268,371 N.W.2d 405 (Ct.App. 1985).
The statutory reference requiring the civil service appointment of a county auditor in populous counties was first incorporated in section 59.72, by chapter 127, Laws of 1935, as part of a change in the method of appointing the county auditor and his or her deputy in counties of more than 300,000 population.[3]
Previously the statute had provided for the appointment of a county auditor in such counties by the county clerk, the chairman of the county board and the county treasurer, or a majority of them, to hold office during the term of the county clerk under whom he was appointed. In counties of less than 300,000 the county clerk continued to act as auditor, unless the county board appointed a county auditor. Initially, therefore, the provisions of section 59.72 requiring the civil service appointment of county auditors in populous counties was intended to insure that auditors in counties of more than 300,000 population would be appointed in accord with a civil service system which would have been already in *Page 94 
place. Despite subsequent amendments to the statutes involved, I conclude that such continues to be the intended effect of the statutory language.
Finally, although the legislative reference library drafting file for chapter 265, Laws of 1977, contains material indicating the apparent legislative purpose of the various changes to section 59.72 enacted by that law, there is nothing to suggest that the Legislature intended to alter the statute to require the application of sections 63.01 to 63.17 to the appointment of county auditors in counties other than those in which such a civil service system is in effect. In fact, the suggestion is quite the contrary. A detailed fiscal note by the Department of Local Affairs and Development, appended to the initial draft of 1977 Assembly Bill 851, which with modification not relevant here became chapter 265, Laws of 1977, provides in part as follows:
 FISCAL NOTE: According to current law, counties having a population of 300,000 or more, are required to have a county auditor. The auditor may appoint a deputy director. In counties having a population of less than 300,000, the county clerk shall act as the county auditor, unless the county board creates a separate office of county auditor.
 The proposal: (1) eliminates the distinction based on population by requiring every county clerk to act as auditor unless the county board creates a separate office of county auditor; . . . (3) enables every county board to authorize the appointment of a deputy auditor; and (4) requires county board authorization for the county auditor to appoint a deputy.
 The proposed changes have the effect of providing the elected county officials with more control over the position of county auditor.
 It is not anticipated that the proposed changes would have a fiscal impact on counties, because the changes would not *Page 95 
require counties to change the current system regarding the county auditor.
The above fiscal note analysis suggests that the changes enacted by chapter 265, Laws of 1977, were designed to provide elected county officials with greater control over decisions concerning the county auditor system rather than to require counties to change the current system. An interpretation of present section 59.72 which would impose a comprehensive civil service system upon every county which chose to appoint a county auditor, would appear to be inconsistent with the legislative purpose underlying the statute, as expressed in the fiscal note.
Based upon the foregoing, it is my opinion that the present references in section 59.72(3) and (4) to appointment of a county auditor and deputy auditor under sections 63.01 to 63.17 are only intended to require that appointment be made under a civil service system in those counties in which such a civil service system is either mandated, because the county contains 500,000 inhabitants or more, or such system is otherwise operative because the county involved has exercised its option under section 63.01 to enact such a system.
DJH:JCM
[1] Milwaukee County was the only county which fell within the mandatory provisions of sections 63.01 to 63.17. Since 1955, all other counties may voluntarily establish such a civil service system. Ch. 40, Laws of 1955.
[2] Section 59.72(4) was also modified to require a prior county board resolution to authorize a county auditor "appointedunder sub. (3) to appoint a deputy auditor under ss. 63.01 to63.17."
[3] The civil service appointments were pursuant to sections 16.31 to 16.44, Stats. (1935), the predecessor statutes to present sections 63.01 to 63.17, which then only applied to counties of 200,000 inhabitants or more, and established a required civil service system in such counties. *Page 96