John BETTENDORF, Plaintiff-Appellant,

v.

ST. CROIX COUNTY BOARD OF ADJUSTMENT, Defendant-Respondent.†

Court of Appeals

*No. 94–1171–FT. Submitted on briefs September 6, 1994.—Decided October 11, 1994.*

(Also reported in 525 N.W.2d 89.)

†Petition to review denied.

On behalf of plaintiff-appellant, the cause was submitted on the brief of *Matthew A. Biegert* of *Doar, Drill & Skow, S.C.* of New Richmond.

On behalf of defendant-respondent, the cause was submitted on the brief of *Gregory A. Timmerman*, corporation counsel, of Hudson.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. John Bettendorf appeals a judgment dismissing his appeal to the circuit court pursuant to § 59.99(10), STATS., from a decision of the St. Croix County Board of Adjustment.[1] The board decided not to modify a condition imposed upon an earlier variance granted to Bettendorf. The circuit court dismissed the appeal for failure to file it within the thirty-day period established by the statute.[2]

---

[1] This is an expedited appeal under RULE 809.17, STATS.

[2] Section 59.99(10), STATS., provides in part: "Certiorari. Any person . . . aggrieved by any decision of the board of adjustment . . . may, within 30 days after the filing of the decision in

313

Because the issue of modification of the prior decision raised a new issue, we conclude that Bettendorf's appeal is timely. We therefore reverse and remand for further proceedings.

## BACKGROUND

On October 14, 1992, the board granted Bettendorf a zoning variance that allowed construction of a new driveway on his commercial premises. As a condition, Bettendorf must close a third existing driveway. Bettendorf then requested the board to "rehear our application" so that "strict use restrictions" be placed upon the third driveway in lieu of closure. On March 29, 1993, the board heard evidence, debated the request and voted to uphold its original decision. Bettendorf filed an appeal of the "decision to deny his request to reconsider" the modification proposal. The circuit court dismissed the appeal. The court reasoned that the issue of whether to close the third driveway was undoubtedly an issue heard at the initial proceeding because it was made a condition of the variance.

Bettendorf first argues that the decision denying modification of use in lieu of closure is appealable regardless of whether it was a new issue. He argues, alternatively, that the issue of use restrictions in lieu of closure was a new issue.

The purpose of statutory construction is to ascertain and give effect to the intent of the legislature. *State v. Martin*, 162 Wis. 2d 883, 893, 470 N.W.2d 900, 904 (1991). In determining legislative intent, first resort must be given to the language of the statute

the office of the board, commence an action seeking the remedy available by certiorari."

itself. *Id.* at 893-94, 470 N.W.2d at 904. If the meaning of the statute is clear and unambiguous on its face, resort to extrinsic aids for the purpose of statutory construction is improper. *Id.* at 894, 470 N.W.2d at 904. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. *Id.*

We conclude that § 59.99(10), STATS., is ambiguous. It may reasonably be read to provide an appeal, as it plainly states, for "any decision of the board of adjustment." The words "any decision," however, may also reasonably be construed to mean the initial decision resolving an issue, so that a decision that merely reviews a previously decided issue does not extend the time for appeal. If § 59.99(10) were read literally, it would permit appellants to extend the ordinary appeal time beyond the thirty-day period, even indefinitely, through the device of a motion to reconsider. A literal reading of a statute may be rejected if it leads to an absurd or unreasonable result. *Bob Ryan Leasing v. Sampair*, 125 Wis. 2d 266, 268, 371 N.W.2d 405, 405-06 (Ct. App. 1985).

We adopt the rationale of the oft-cited case, *Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 197 N.W.2d 752 (1972), in our construction of § 59.99(10), STATS. *Ver Hagen* holds that where the only issues raised by a motion to reconsider were disposed of by the original order or judgment, the decision denying reconsideration does not extend the time to appeal those issues. *Id.* at 25-26, 197 N.W.2d at 754-55.[3]

---

[3] Section 805.17(3), STATS., now extends the time for appeal where the motion to reconsider is brought in the circuit court.

We therefore turn to the question of whether Bettendorf's motion for rehearing raised a new issue. The proceedings from the first hearing of October 1992 are not part of the appeal record. It is the general rule that the appellant has the duty to see that the evidence material to the appeal is in the record. *State v. Smith*, 55 Wis. 2d 451, 459, 198 Wis. 2d 588, 593 (1972). We need not determine whether this general rule applies to records relevant to an affirmative defense raised by the respondent, because the record from the rehearing sufficiently demonstrates that the board was dealing with a new issue.

First, the issue at the rehearing was set forth in a letter to the board from Bettendorf's attorney. He stated: "The reason for the rehearing is the requirement in the Board's decision that another driveway be shut down." He requested "that the Board's decision be modified to impose strict use restrictions" in lieu of closure. Further, at the rehearing, Bettendorf's counsel suggested that the condition had been placed upon the variance on the board's mistaken belief that the driveway had been put in illegally without a permit. He next offered the testimony of a former board member, Ben George, who claimed that Bettendorf had been given a variance some ten or fifteen years earlier to use the otherwise illegal driveway. Then, when Bettendorf's counsel also suggested that George may have given this same testimony at the October 1992 hearing, one of the board members corrected counsel, stating that George had not testified, and concluded: "It was hearsay evidence that was introduced. I did not accept it because it was hearsay." Finally, the board's questions and comments on the evidence at the rehearing, and the arguments from the attorneys for both sides,

including the corporation counsel, demonstrate that the issue of use restrictions in lieu of closure was being decided for the first time.[4]

In our review of the timeliness of an appeal, whether a motion to reconsider raises a "new issue" should be liberally construed in favor of allowing the appeal. *Harris v. Reivitz*, 142 Wis. 2d 82, 87-89, 417 N.W.2d 50, 52-53 (Ct. App. 1987).

We conclude that the decision denying use restrictions in place of closure is a new issue and is entitled to certiorari review of the merits. We therefore remand to the circuit court for this purpose.

*By the Court.*—Judgment reversed and cause remanded.

---

[4] We do not address the board's decision on the merits. The county highway commissioner testified that a 1981 driveway permit issued to Bettendorf was the "variance" to which George had testified. He indicated that the permit was conditioned upon the removal of another driveway that was never removed as required. He also testified that the county records failed to reflect the grant of a variance. He produced a copy of the 1981 driveway permit containing the removal condition. George could not recall what year the variance had been granted, or exactly which of several driveways was involved. Bettendorf, however, testified that he had in fact received the variance after the permit was issued.