COURT OF APPEALS
DECISION
DATED AND FILED

April 29, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2362**

Cir. Ct. No. **2009FA152**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

IN RE THE MARRIAGE OF:

JANELLE LYNN SCHIMKE, N/K/A JANELLE L. CASEY,

    PETITIONER-APPELLANT,

  V.

MARK JOHN SCHIMKE,

    RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Clark County: RIAN RADTKE, Judge. *Dismissed*.

Before Fitzpatrick, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Approximately nine years after Janelle Casey and Mark Schimke divorced, Casey petitioned for a constructive trust, alleging that Schimke had failed to make required financial disclosures under WIS. STAT. § 767.127 (2019-20)[1] at the time of divorce.  The circuit court dismissed Casey's petition, and Casey filed a motion for reconsideration, which the court also denied.  In an order from this court dated January 31, 2020, we noted that Casey had not timely appealed the order dismissing her petition, but had sought to appeal the order denying her motion for reconsideration.  We requested that the parties address the issue of jurisdiction in their briefing.  Because we conclude that we lack appellate jurisdiction over Casey's appeal, we dismiss the appeal.

## BACKGROUND

¶2     Janelle Casey and Mark Schimke married in 1988.  In October of 2009, Casey filed a petition for divorce.  Schimke completed a financial disclosure statement that he signed on March 23, 2010, in which he answered yes to the question of whether he was a party to a lawsuit, and identified the claim as a "WC Claim," or worker's compensation claim.  The financial disclosure statement was filed with the circuit court at the final divorce hearing on April 27, 2010.

¶3     At the final hearing, the parties submitted a marital settlement agreement, which the circuit court approved and incorporated into the judgment of divorce.  In the section of the marital settlement agreement pertaining to property

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.  The relevant provisions of WIS. STAT. § 767.127, set forth in footnote 2, have not changed in any material way since the 2010 filing of Schimke's financial disclosure and entry of the divorce judgment.

2

division and division of debts, the parties agreed that Schimke would be awarded the "worker's compensation claim and all proceeds therefrom." The judgment of divorce was issued on April 27, 2010 and states that the division of assets, interests, encumbrances and debts was approved in accordance with the terms of the marital settlement agreement.

¶4      At some point in 2018, Casey received documents from a family member that led her to believe that Schimke had withheld information in 2010 regarding his assets in violation of the disclosure statute, WIS. STAT. § 767.127,[2] and that he had used the hidden assets to redeem a family farm from foreclosure

---

[2] The disclosure requirements in WIS. STAT. § 767.127(1) provide, in pertinent part:

> REQUIRED DISCLOSURE. In an action affecting the family, … the court shall require each party to furnish, on standard forms required by the court, full disclosure of all assets owned in full or in part by either party separately or by the parties jointly…. Assets required to be disclosed include, but are not limited to, real estate, savings accounts, stocks and bonds, mortgages and notes, life insurance, retirement interests, interest in a partnership, limited liability company, or corporation, tangible personal property, future interests whether vested or nonvested, and any other financial interest or source.

The constructive trust provision in § 767.127(5) provides:

> FAILURE TO DISCLOSE; CONSTRUCTIVE TRUST. If a party intentionally or negligently fails to disclose information required by sub. (1) and as a result any asset with a fair market value of $500 or more is omitted from the final distribution of property, the party aggrieved by the nondisclosure may at any time petition the court granting the annulment, divorce, or legal separation to declare the creation of a constructive trust as to all undisclosed assets, for the benefit of the parties and their minor or dependent children, if any, with the party in whose name the assets are held declared the constructive trustee. The trust shall include such terms and conditions as the court may determine. The court shall grant the petition upon a finding of a failure to disclose assets as required under sub. (1).

shortly after the final hearing and judgment of divorce. Casey filed a petition and supporting affidavit seeking an order for imposition of a constructive trust over Schimke's assets, on grounds that Schimke had failed to make necessary disclosures on his financial disclosure statement as required by § 767.127. Schimke filed a motion to dismiss the petition, asserting that Casey had failed to state a claim upon which relief could be granted.

¶5    The circuit court sent a letter to the parties requesting further information on the value of the worker's compensation claim. In response to the court's letter, Schimke's counsel sent the court the first page of a three-page document entitled "Full and Final Compromise Agreement" (Agreement), which indicated that Schimke was party to a worker's compensation settlement agreement under which he would receive a lump sum of $162,888, subject to any subrogation claims or unpaid medical bills. This document also stated that the Agreement was "subject to the approval of the Department of Workforce Development [DWD]."

¶6    The circuit court issued an oral ruling on May 15, 2019, granting Schimke's motion to dismiss Casey's petition for imposition of a constructive trust. The court noted that it was undisputed that Schimke's financial disclosure statement listed a worker's compensation claim, although the statement did not list an amount, and that the parties' marital settlement agreement awarded any worker's compensation proceeds to Schimke in the division of assets. The court stated that the "exact dollar amount" was not listed on the financial disclosure form because "it was not exactly known until after the divorce was completed."

¶7    Following the circuit court's oral ruling, Casey's counsel asked the court for the opportunity to conduct additional discovery for the purpose of

determining the date on which the Agreement was executed, under the theory that if the Agreement was executed prior to Schimke's March 23, 2010 execution of his financial disclosure statement, then Schimke "would have had to disclose exactly how much the proceeds were that he received rather than [disclosing] himself as a party to a lawsuit." In response, the court stated that it did not believe that anything prohibited Casey from conducting further discovery. The court entered a written order the following day, May 16, 2019, granting Schimke's motion to dismiss Casey's petition for a constructive trust.

¶8 After the circuit court's oral ruling, Schimke filed with the court a complete copy of the three-page Agreement. As a result, Casey learned that the Agreement was executed on January 29, 2010, prior to Schimke's March 2010 completion of his financial disclosure statement and the April 2010 final divorce hearing. The full Agreement showed that the parties were requesting that DWD "enter an order in conformance" with the parties' Agreement, and that DWD set aside $40,000 for attorney fees and $921.96 in costs. The Agreement also showed that, upon approval of the Agreement by DWD, a sum of $37,112 would be paid to a Medicare set-aside account for Schimke.[3]

¶9 On May 24, 2019, Casey filed a motion for reconsideration of the circuit court's order that granted Schimke's motion to dismiss. Casey argued that the complete disclosure of the Agreement after the May 15 ruling merited reconsideration of the court's order dismissing Casey's petition for a constructive

---

[3] The Agreement further states that "[t]he applicant has the right to petition the Department of Workforce Development to set aside or modify this Compromise Agreement within one year of its approval by the Department."

trust because the complete Agreement showed that it was signed in January 2010. Casey argued that this information supported the conclusion that Schimke had failed to disclose the value of the settlement in violation of WIS. STAT. § 767.127.

¶10 The circuit court orally denied the motion for reconsideration on September 16, 2019. The court reiterated that the worker's compensation claim was included on Schimke's financial disclosure statement and was awarded to Schimke pursuant to the marital settlement agreement incorporated into the judgment of divorce. The court noted that a constructive trust may be imposed under WIS. STAT. § 767.127(5) where a party "intentionally or negligently fails to disclose information required by sub. (1) and as a result any asset with a fair market value of $500 or more is omitted from the final distribution of property." Sec. 767.127(5). Relying on this statutory language, the court concluded that the conditions for a constructive trust were not met. Specifically, the court noted that the worker's compensation claim was not only referenced on the financial disclosure statement, but was also made part of the "final distribution" under § 767.127(5), in that it was awarded to Schimke under the marital settlement agreement. The court again stated that the "exact dollar figure" of the worker's compensation claim was unknown at the time of the financial disclosure statement and divorce and that the claim was a "future interest." The court issued a written decision on September 19, 2019 denying the motion for reconsideration and affirming its prior order dismissing Casey's petition for imposition of a constructive trust. Casey appealed.

¶11 On January 31, 2020, this court issued an order requiring the parties to brief jurisdictional issues. We indicated that Casey had not filed a timely appeal from the circuit court's May 16, 2019 order dismissing her petition for imposition of a constructive trust and that we may lack jurisdiction to review the

September 2019 order denying reconsideration if Casey's motion for reconsideration presented the same issues as those determined in the May 16, 2019 order. *See Silverton Enters., Inc. v. General Cas. Co.*, 143 Wis. 2d 661, 422 N.W.2d 154 (Ct. App. 1988); *see also Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 197 N.W.2d 752 (1972). The parties submitted briefs addressing the jurisdictional issues and the merits of the case.

## DISCUSSION

¶12 We begin by addressing the question of jurisdiction, which we conclude is dispositive.

¶13 The filing of a timely notice of appeal is necessary to give this court jurisdiction over an appeal from a final judgment or order. WIS. STAT. RULE 809.10(1)(e) and (4). It is undisputed that in a civil action such as this, where no notice of entry of judgment was filed, the time to appeal is 90 days from the entry of a final judgment or order. *See* WIS. STAT. § 808.04(1). The jurisdictional dispute in this case centers on two issues: (1) whether this court has jurisdiction to consider the May 16, 2019 dismissal order under the theory that WIS. STAT. § 805.17(3) extends the time period in which to appeal that order to 90 days from the court's September 19, 2019 order denying Casey's motion for reconsideration; and (2) whether this court has jurisdiction over Casey's appeal of the September 19, 2019 order denying her reconsideration motion under precedent such as *Silverton*. We address these issues in turn below, and conclude that Casey's failure to timely appeal the May 16, 2019 order deprives the court of jurisdiction over any issues addressed in that order, and that we lack jurisdiction over Casey's appeal of the September 19, 2019 order based on *Silverton*.

7

I.      *This court does not have jurisdiction to review the May 16, 2019 dismissal order because the timing provisions of WIS. STAT. § 805.17(3) apply only to court trials.*

¶14      The circuit court issued an order granting Schimke's motion to dismiss on May 16, 2019.  That order was a final order from which an appeal as of right could be taken.  *See* WIS. STAT. § 808.03(1).  Our January 31, 2020 order stated that "no timely appeal was filed" of the May 16 order.  Nevertheless, Casey implicitly asks us to revisit our determination that she did not timely appeal the May 16 order.  Specifically, Schimke argues that her deadline to appeal the May 16 order was extended pursuant to WIS. STAT. § 805.17(3) and that, as a result, this court has jurisdiction over her purported appeal of the May 16 order, based on her timely appeal of the order denying her motion for reconsideration.  Section 805.17(3) states, in relevant part:

> RECONSIDERATION MOTIONS.  Upon its own motion or the motion of a party made not later than 20 days after entry of judgment, the court may amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly....  If the court denies a motion filed under this subsection, the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first.

Thus, according to Casey, under the timing provisions of § 805.17(3), her December 11, 2019 Notice of Appeal timely appealed the May 16 order because the appeal was filed within 90 days of the September 19, 2019 order denying her motion for reconsideration.  However, as explained below, Casey is incorrect that the appellate timing provisions of § 805.17(3) apply here.  As a result, we reaffirm the conclusion in our January 31, 2020 order that Casey did not timely appeal the May 16 order, and explicitly hold that we lack jurisdiction to review that order.

8

¶15    In *Continental Casualty Co. v. Milwaukee Metropolitan Sewerage District*, 175 Wis. 2d 527, 499 N.W.2d 282 (Ct. App. 1993), this court held that WIS. STAT. § 805.17(3) modifies the deadline for filing an appeal "only when a reconsideration motion has been timely filed after a trial to the court." *Id.* at 535. We therefore declined to apply the reconsideration procedures of § 805.17(3) to the summary judgment context, concluding that the motion for reconsideration "had no effect on the deadline for filing a notice of appeal." *Id*. at 535.

¶16    We based our conclusion in *Continental* on the following: (1) minutes from Judicial Council meetings indicating that WIS. STAT. § 805.17(3) was intended to apply only to bench trials; (2) the context of § 805.17(3)—specifically, that the subsection is entitled "Trial to the Court" and appears in a chapter entitled "Trials"; and (3) the language of § 805.17(3), which refers to "findings," yet circuit courts do not make "findings" at the summary judgment stage. *Id.* at 532-34; *see also **Teff v. Unity Health Plans Ins. Corp.**, 2003 WI App 115, ¶¶58-59, 265 Wis. 2d 703, 666 N.W.2d 38 (articulating these three grounds for the *Continental* court's conclusion and applying the *Continental* holding to the default judgment context). Thus, we determined that the appellate deadlines in § 805.17(3) did not apply and that, because Continental had not timely appealed the original order dismissing its complaint on summary judgment, this court did not have jurisdiction over the appeal. *See Continental*, 175 Wis. 2d at 529-30, 535-36.

¶17    As in *Continental*, here, Casey's motion for reconsideration was not brought "after a trial to the court." *See id.* at 535. Rather, it was filed following the circuit court's order granting Schimke's motion to dismiss. As a result, *Continental* controls and WIS. STAT. § 805.17(3) does not apply to extend the deadline in this case to 90 days from the September 19, 2019 order denying

9

reconsideration. Instead, the 90-day period commenced on the date of the original order, May 16, 2019. Because Casey did not appeal within 90 days of the May 16 order, we are without jurisdiction to review that order.[4] *See* WIS. STAT. § 808.04(1); ***Wainwright v. Wainwright***, 176 Wis. 2d 246, 250, 500 N.W.2d 343 (Ct. App. 1993) ("Failure to appeal within the times set by either sec. 808.04, Stats., or sec. 805.17(3), Stats., deprives this court of jurisdiction.").

II. *This court does not have jurisdiction to review the circuit court's September 19, 2019 order denying Casey's motion for reconsideration.*

¶18    "No right of appeal exists from an order denying a motion to reconsider which presents the same issues as those determined in the order or judgment sought to be reconsidered." ***Silverton***, 143 Wis. 2d at 665; *see also* ***Marsh v. City of Milwaukee***, 104 Wis. 2d 44, 45, 310 N.W.2d 615 (1981) (for this court to obtain jurisdiction over an appeal from an order denying reconsideration "a party must present issues other than those determined by the original final order or judgment"). In applying the new-issues test, we "compare the issues raised in

---

[4] We note that, in granting the motion to dismiss, the circuit court considered matters outside the pleadings, namely, an affidavit filed with Casey's motion, exhibits filed with Schimke's reply brief, and the first page of the Agreement that Schimke filed pursuant to the court's request. Thus, the court's May 16, 2019 order could be considered a dismissal on summary judgment. *See* ***Farady-Sultze v. Aurora Med. Ctr. of Oshkosh, Inc.***, 2010 WI App 99, ¶2, 327 Wis. 2d 110, 787 N.W.2d 433 ("[W]here a circuit court considers matters outside the complaint, we may treat the appeal as though it were from a summary judgment."). However, regardless of whether we treat the court's May 16 order as granting summary judgment or dismissal, the outcome is the same. ***Continental Casualty Co. v. Milwaukee Metropolitan Sewerage District***, 175 Wis. 2d 527, 535, 499 N.W.2d 282 (Ct. App. 1993), unequivocally states that WIS. STAT. § 805.17(3) modifies the deadline for filing an appeal "only when a reconsideration motion has been timely filed after a trial to the court." As stated, this case does not involve a trial to the court. Moreover, as with summary judgment addressed in ***Continental***, a determination on a motion to dismiss does not involve fact-finding, a rationale upon which the courts relied in ***Continental*** and ***Teff v. Unity Health Plans Ins. Corp.***, 2003 WI App 115, 265 Wis. 2d 703, 666 N.W.2d 38.

[the] petition for reconsideration with those disposed of in the order dismissing [the] complaint." ***Harris v. Reivitz***, 142 Wis. 2d 82, 87, 417 N.W.2d 50 (Ct. App. 1987).

¶19    Casey contends that her motion for reconsideration satisfies the new-issues test because it contains information showing the date of the Agreement, which was not included in her original petition requesting imposition of a constructive trust. She contends that this court therefore has jurisdiction over her appeal from the circuit court's order denying her motion for reconsideration. We are unpersuaded.

¶20    In its original May 2019 ruling dismissing Casey's petition for imposition of a constructive trust, the circuit court determined that Schimke's inclusion of a "WC Claim" in his financial disclosure statement satisfied the requirements of WIS. STAT. § 767.127 and that the conditions for imposition of a constructive trust were not met, particularly given that Casey had agreed, and the marital settlement agreement and divorce judgment reflect, that any worker's compensation proceeds would be awarded to Schimke. That the Agreement was entered into before Casey completed his financial disclosure statement and before the final divorce hearing does not create a new issue because it has no bearing on the issue itself, which was whether Schimke's failure to list an exact amount on the financial disclosure statement constituted a failure to disclose such that a constructive trust should be imposed. The date of the Agreement did not change the following:  (1) Schimke listed the "WC Claim" on his financial disclosure statement; (2) regardless of the amount of the claim proceeds, the parties agreed— and the marital settlement agreement and divorce judgment reflect—that those proceeds would be awarded to Schimke; (3) the amount was subject to conditions, including various offsets and approval by the DWD; and (4) imposition of a

constructive trust under § 767.127(5) requires both a failure to disclose and that such failure result in the asset's "omi[ssion] from the final distribution of property," conditions which were not satisfied here.

¶21　Therefore, the discovery of the Agreement's execution date was immaterial to Casey's petition for a constructive trust and did not raise a new issue separate from those already considered by the court in granting Schimke's motion to dismiss. *See **Harris***, 142 Wis. 2d at 87 (we compare the issues raised in a motion for reconsideration with those disposed of in the original dismissal order). Accordingly, this court does not have jurisdiction over an appeal of the order denying Casey's motion for reconsideration.[5]

## CONCLUSION

¶22　For the foregoing reasons, we are without jurisdiction to review either the May 16, 2019 order dismissing Casey's petition for a constructive trust or the September 19, 2019 order denying her motion for reconsideration.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] Casey also contends that revisions to WIS. STAT. § 805.17(3) in 1991 had the effect of nullifying ***Silverton Enterprises, Inc. v. General Casualty Co.***, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988). However, Casey points to no authority in support of her claim that ***Silverton*** was modified in any way by the revisions to WIS. STAT. § 805.17(3). Thus, we conclude it is still the rule that a party must present issues other than those determined by the original final order if this court is to have jurisdiction over an appeal from an order denying a motion for reconsideration. ***Silverton***, 143 Wis. 2d at 665-66; ***Marsh v. City of Milwaukee***, 104 Wis. 2d 44, 45, 310 N.W.2d 615 (1981).